# GOMER *v.* CHAFFEE.

*(Supreme Court of Colorado, December Term, 1882—Error to the County Court of Arapahoe County).*

1. TAX SALES—Are purely statutory, and must be conducted, in all substantial respects, in strict conformity with the statutory provisions, otherwise they are void.

2. STATUTE OF LIMITATIONS. The statute of limitations cannot avail one not in actual possession, claiming title to real estate under a void deed. In such case there is nothing to set the statute in motion—nothing for it to act upon or against.

ELBERT, C. J. This was an action brought in the County Court of Arapahoe county, April 6, 1878, by the plaintiff in error against the defendant in error, to recover possession of lots twenty-nine and thirty, in block ninety, in Stiles' addition to the city of Denver.

The plaintiff, Gomer, claimed by chain of title from Stiles, the government patentee.

The defendant claimed title by virtue of a tax sale April 17, 1871, and a tax deed April 24, 1873, to one Peter Magnus, to whom defendant traced his title, through several grantors.

He also interposed a plea of the statute of limitations; that the plaintiff failed to bring his action for the recovery of the premises within five years after the date of the tax sale of April 17, 1871. The Court below held the tax deed void on its face, but gave judgment for the defendant on his plea of the statute of limitations.

The power of an officer making a tax sale is purely statutory. A statutory power must be exercised according to statutory directions. In no class of cases has this rule been more strongly insisted upon than in case of tax sales. A substantial, and in many cases a strict compliance with the provisions of the law preparatory to and authorizing the sale, is a condition of the power and essential to its rightful exercise.

Doubtless certain provisions of the revenue law are merely directory, but when the requisitions prescribed are intended for the protection of the citizen and to prevent a sacrifice of his property, such as if disregarded would injuriously affect his rights, they are to be treated as mandatory. They must be followed or the acts done will be invalid.

To the class of mandatory provisions belong requirements respecting notice, and time and place of sale. Every notice which the statute provides for the benefit and protection of the taxpayer must be given with scrupulous observance of all its requisites. It cannot be shortened a single day, and if required to be given within a certain time or in any prescribed mode, it must be so given. The sale must be made at the very time and place provided by law for that purpose. The officer has no power to sell at any other time or place. Cooley on Taxation, 215, 218, 323, 334, 338.

In the case at bar, the tax deed offered in evidence by the defendant showed that the sale for taxes was made by the officer on the 17th day of April, 1871 ; whereas, under the provisions of the revenue act, the sale was not authorized until after the 20th of April.

Sec. 2301, (General Laws,) of the revenue act of 1870, reads as follows :

"The treasurer shall, *before* the 20th day of April in each year, make out a list of all lands and town lots subject to sale, describing such lands and town lots as the same are described on the tax roll, with an accompanying notice stating that so much of each tract of land or town lot described in said list as may be necessary for that purpose, will, on a day specified *thereafter*, and the next succeeding days, be sold," etc., etc.

This section requires the treasurer *before* the 20th of April to designate a day *thereafter* for the sale. That the day designated for the sale in the notice would be after the date of the notice, would be of necessity, and the word thereafter would have no force or meaning if it referred to the date of the notice. It only serves a purpose as it expresses an intention on the part of the Legislature to fix tax sales after the 20th of April of each year.

The section is awkwardly arranged, but the construction given is in harmony with the general frame of revenue laws, which fix a date when taxes become due, another date when they become delinquent and draw interest, and another date when the property may be advertised and sold. Any other construction would leave it discretionary with the treasurer to advertise the 1st of January and sell in February, making the

provision most harsh and oppressive. It is a settled rule in the interpretation of revenue laws, that in case of doubt or ambiguity, the construction must be in favor of the public. Cooley Tax., 201.

The officer having no power to sell until after the 20th of April, the sale on the 17th of April was premature and void. The tax deed bore on its face the evidence of this non-compliance with a substantial requisition of the law, and was a nullity. Blackwell Tax., 381.

Under this state of the case the Court below held the action of the plaintiff barred by the limitation fixed by the statute.

Section 2335, General Laws, upon which the defendant bases the plea of the statute of limitations, provides "That no action for the recovery of land sold for taxes shall lie, unless the same be brought within five years after the sale thereof for taxes as aforesaid, any law to the contrary notwithstanding," etc.

It is difficult to see how the statute of limitations can avail a defendant holding a *void* deed. There was nothing for the statute to operate upon, nothing for it to run in favor of or against; nothing to set it in motion. The deed was void; it did not give him constructive possession nor the right of actual possession.

The limitation was intended to apply to cases where the provisions of the law had been complied with, not to void proceedings in violation of the law. *Moore* v. *Brown*, 4 McLean, 211; S. C., 11 Howard, 414; *Lain* v. *Shepardson*, 18 Wis., 59; *Shoat* v. *Walker*, 6 Kan., 73; *Sapp* v. *Morrell*, 8 Kan., 678; *Hubbard* v. *Johnson*, 9 Kan., 632; *Geekie* v. *Kirby Carpenter Co.*, Reporter, Vol. 9, 37, U. S. Circuit Court Wisconsin.

It has been held that the statute would run in such a case where the tax purchaser in good faith took actual possession of the premises sold. However this may be, it does not aid the defendant, as he did not take actual possession until September 30, 1875. Kitty Green is the only one of the defendant's grantors who appears to have had actual possession, but her possession was not until March, 1875. Up to this date the

title of Gomer drew to it the constructive possession, and before this date, if at all, the statute would not commence to run.

We think the Court erred in holding the statute a bar.

The other assignments need not be considered.

Judgment reversed and cause remanded.

*J. W. Horner*, for plaintiff in error.

*Stallcup &.Luthe*, for defendant in error.