[No. 4565.]

SEYMOUR v. DEISHER.

1. **Tax Sales—When May Be Made.**

Under section 7, Session Laws 1891, page 288, real estate assessed for taxes for the years 1893 and 1894, if the taxes were not paid, was subject to sale for the taxes of 1893 on and after the first Monday in October, 1894, and for the taxes of 1894 on and after the first Monday in October, 1895, and sales made after those dates, for the taxes of said years, were not premature.

2. **Quieting Title—Pleading—Tax Deeds—Description.**

In an action to quiet title to a mining claim, where the complaint set out the name of the lode, the name of the mining district and number of the survey, and the answer averred that defendant was the owner of the same identical property by virtue of certain tax deeds, and set out the description of the claim as given in the tax deeds, which was identical with the complaint as to name of the lode and mining district, but differed

as to number of the survey, it was error to sustain a demurrer to the answer on the ground that the tax deeds were void because of the difference between the description in the complaint and that contained in the deeds.

*Appeal from the District Court of Hinsdale County: Hon. Theron Stevens, Judge.*

The question presented by this appeal is the validity of two tax deeds. One R. M. Ficht, claiming to be the owner, and in possession, of the Czar lode, survey number 2008, in Galena mining district, commenced an action against appellant, as defendant, to quiet title to these premises. The defendant answered, claiming to be the owner thereof, by virtue of two certain tax deeds set out *haec verba* in his answer. Each of these deeds describes the premises as the "Czar lode, survey number 2000, Galena mining district." The first recited, in substance, that on the 5th day of February, 1895, the mining claim was sold for the taxes of 1893, and the second that it was sold for the taxes of 1894, on the 16th day of March, 1896. To this answer the plaintiff interposed a general demurrer. Thereafter by stipulation, appellee Deisher was substituted as plaintiff. Subsequently the demurrer was sustained. The defendant elected to stand by his answer and judgment was rendered for plaintiff, confirming the fee simple title to the premises in dispute in him, and declaring the tax deeds null and void. The defendant appeals. On the errors assigned, the only question presented for determination is, whether or not the tax deeds are valid.

Mr. M. B. CARPENTER, for appellant.

Mr. W. E. SORELLE, for appellee.

CHIEF JUSTICE GABBERT delivered the opinion of the court.

From the briefs of counsel it appears that the validity of the tax deeds rests upon a determination of these two questions:

(1)   Was the property sold prematurely? and

(2)   Does the description in the deeds render them void?

The sale on the fifth day of February, 1895, was for the taxes of 1893, and the sale of March 16, 1896, for the taxes of 1894.   At the time of these respective sales, the respective taxes for which the sales were made were delinquent, and the property subject to sale therefor.—Sec. 7, Laws 1891, p. 288.   In other words, under the statute the property was subject to sale for the taxes of 1893 on and after the first Monday in October, 1894, and for the taxes of 1894 on and after the first Monday in October, 1895; so that each sale was made after the date when, according to law, the property could be sold for the delinquent taxes of the preceding year.   Each sale was, therefore, *prima facie* valid, and not prematurely made.—*Security & Bond Co. v. Wood,* 27 Colo. 218.

*Gomer v. Chaffee,* 6 Colo. 314, is not in point. In that case the sale for a tax was premature, because made before the date when, according to law, the property could be sold therefor.

In the complaint the property is described as the "Czar lode, survey number 2008, in Galena mining district."   The answer avers that the defendant is the owner of the same identical property described in the tax deeds as the "Czar lode, survey number 2000, in Galena mining district."   For the purposes of the demurrer, this statement in the answer stands confessed.   The difference between the description in the complaint, and that contained in the deeds, is in the number of the survey.   The purpose of description is designation and identification.   This purpose is accomplished when the description of real

property sold for taxes is such that thereby it can be identified, either with or without extrinsic evidence, and does not mislead the owner.—*Sullivan v. Collins,* 20 Colo. 528; *The People v. Stahl,* 101 Ill. 346; *Woodside v. Wilson,* 32 Pa. St. 52; *Bosworth v. Danzein,* 25 Cal. 296.

The description in the tax deeds points to a specific tract designated as the Czar lode. That is a certain, definite description. Except it has been patented, or entered for patent, it would have no lot number. The number is but another designation of the same property. Plaintiff says it is one number; defendant another. The plaintiff admits by his demurrer that the property described in the tax deeds is the same property which he claims under the same name. The difference in the numbers of the survey lot is, therefore, immaterial; because, according to the names and the pleadings, the property is the same, and the difference in the lot numbers must be explainable by extrinsic evidence, and the identity of the subject-matter of controversy thus definitely established by the name of the Czar lode. It does not appear that the difference in numbers could have misled the owner. The name, and not the lot number, is the description by which he would ordinarily know his property. There may be instances when a mistake in the survey lot number would be fatal to a description of a mining claim sold for taxes, but for the purposes of the demurrer in this case it is not.

The judgment of the district court is reversed and the cause remanded, with directions to overrule the demurrer to the answer.

*Reversed and remanded.*

Justices Gunter and Maxwell concur.