No. 11,573.

SMITH, ET AL. v. HIGHLAND MARY MINING, MILLING & POWER Co.

Decided May 2, 1927. Original opinion adhered to October 24, 1927.

Action for damages for trespass. Judgment for plaintiff.

*Affirmed.*

1. TAXES AND TAXATION—*Deeds—Validity.* A tax deed in which the description is of an unidentified part of a larger tract of land, is void.

2. TRESPASS—*Justification.* In an action for trespass, defendants cannot justify their entry upon the land under a void tax deed.

3.  *Liability of Defendants.* In an action for trespass, defendants held liable for certain personal property which they took from the premises under authority of a tax deed, but which was not assessed, nor described in the deed.

4.  TAXES AND TAXATION—*Deed—Improvements.* Where tax deeds did not describe improvements or the land to which they were incident, the holders of the deeds acquired no title to such improvements.

5.  APPEAL AND ERROR—*Deficient Record.* The reviewing court cannot pass upon questions based on the evidence when only a part of the evidence is brought up in the bill of exceptions.

6.  PLEADING—*Trespass—Complaint.* In an action for damages for trespass, complaint held to state facts constituting a trespass although not alleging forcible entry.

7.  CORPORATIONS—*Defunct—Reinstatement.* A corporation having failed to pay its license fees for five years, may nevertheless on reinstatement maintain an action for trespass.

8.  *Annual Report—Bringing Actions.* A corporation filed its annual report just before bringing an action for trespass; the trial court held the report bad and abated the action, but reinstated it upon the filing of a good report. Contention of defendants that the reinstatement was erroneous, overruled.

9.  APPEAL AND ERROR—*Deficient Record.* The contention that the evidence disclosed that one of a number of defendants was not liable for damages in an action for trespass, not considered, where all the evidence was not before the reviewing court.

10. *Instructions—Mitigation of Damages.* In an action for trespass against defendants entering under tax deeds, where an instruction of the court was correct as far as it went and was not objected to on the ground that it did not direct mitigation of damages by reimbursement for taxes paid by defendants, judgment could not be reversed therefor.

### On Rehearing.

11. TAXES AND TAXATION—*Deed—Insufficient Description.* Where a tax deed is void because the land cannot be identified from the description given therein, no curative statute can remedy the defect.

12. *Assessment.* A tax assessment must sufficiently identify the property assessed, and if it does not do so is void, even though the owner makes the return.

*Error to the District Court of Boulder County, Hon.*
*Claude C. Coffin, Judge.*

Mr. F. S. LUETHI, for plaintiffs in error.

Mr. JOHN R. WOLFF, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

DEFENDANT in error had verdict and judgment against plaintiffs in error in a suit based on their entry on its property and their taking therefrom certain personal property, machinery, tools, etc., of the plaintiff, and they bring the case here by writ of error. The court directed a verdict for plaintiff and left to the jury the question of damages only, instructing them to include therein the value of replacing the improvements and the value of the personalty.

The defendants justified their entry by virtue of tax deeds purporting to convey "nine and thirty-two hundredths (9.32) acres of the Happy Valley Placer, Survey lot No. 12,354 Grand Island mining district, situated in the county of Boulder and state of Colorado." Since the description in each of these deeds is of an unidentified part of a larger tract, they are void (37 Cyc. 1447 [b]; 18 C. J. 182, § 64, and the cases there cited), and the defendants cannot justify their entry under such deed. Their justification is also bad because the lands they entered are no part of the Happy Valley Placer.

1. The defendants took from the premises they entered certain personal property which, so far as the record shows, was never assessed, was not described in the tax deed, and to which they had no title whatever. They are liable for this, if for nothing else.

2.   They claimed the right to enter to take certain improvements which had been assessed as on the land described in the deeds, but which never were there.  The deeds, of course, since they did not describe such improvements nor the land to which they were incident or appurtenant, did not convey them and the defendants acquired no title thereby, neither was any other method attempted to transfer such title to defendants.

3.   It is claimed, however, that plaintiff is estopped by its conduct to assert that said deeds did not convey the improvements and is estopped to assert that the entry was a trespass, because the errors in the tax deed and the certificates on which they were based were caused by an erroneous tax schedule filed by the plaintiff in 1910 and copied by the assessor which described these same improvements on the Happy Valley Placer. If there is anything in this argument we cannot consider it because only part of the evidence is brought up in the bill of exceptions.  The direction of the verdict was, of course, based on the evidence, and we cannot know that it was wrong unless all the evidence is before us. We do not know but that the whole evidence conclusively showed that defendants knew of the mistake and so were not misled.  *Weghorst v. Clark,* 66 Colo. 535, 539, 180 Pac. 742; *Davidson v. Jennings,* 27 Colo. 187, 200, 60 Pac. 354, 48 L. R. A. 340, 83 Am. St. Rep. 49.

4.   Another point made by plaintiffs in error is that the plaintiff was allowed by amendment to change a cause of action for conversion of personalty into one for trespass on real estate.  We think either complaint stated facts constituting trespass on real estate.  Either states an entry on land "of the plaintiff" and alleges, appropriately by way of damages, the doing there of certain unlawful acts.  2 Ch. Pl. 863; 1 Est. Pl. (4th Ed.) sec. 2071.  True, neither complaint states a forcible entry, though it ought, but even at common law that was ground for special demurrer only.  1 Ch. Pl. 387.  It

seems clear, therefore, that the facts stated in either complaint constitute trespass quare clausum.

5. It is claimed that the plaintiff company was defunct at the time of the trespass because it had not paid its annual license fees for over five years (C. L. § 2317); that therefore the title to the land was then in its directors as trustees (C. L. §2295.), and so the action accrued to them; that it is not assignable and so could not be acquired by the corporation although that body was reinstated under said section 2317, before their suit was begun. Said section 2295 says that, "Upon dissolution by expiration of its charter or otherwise of any corporation * * * the board of directors * * * of such corporation * * * shall be the trustees of the creditors and stockholders of the corporation dissolved, and shall have full power * * * to have, hold, reserve, sell and dispose of property, * * *." The provision of § 2317 is that upon failure for five years to pay the annual license fee the corporation shall be deemed "defunct and inoperative and no longer competent to transact business within the state of Colorado." Does this mean that it is dissolved so that its directors have title to its property? We think rather that the intent of the legislature was to suspend its operation until payment, because the statute goes on to say "That any such defunct corporations upon the payment of all such delinquent taxes * * *, shall thereupon become reinstated, revived and operative." But whether we regard the revived corporation as having had continuous existence (*Bonfils v. Hayes,* 70 Colo. 336, 339, 340, 201 Pac. 677) or the chose in action though accrued to the trustees, as having been restored to the corporation, with its other rights, by reinstatement, the result is the same, there was no error in permitting the corporation to maintain the action.

6. Before this action was begun the corporation had not filed an annual report for many years, but filed one just before its commencement. The court held that

report bad and abated the action, but reinstated it upon the filing of a good one. Plaintiff in error claims that this was erroneous, but such action is held to be proper with reference to payment of license tax in *Rollins v. Fearnley,* 45 Colo. 319, 101 Pac. 345, and we can see no difference in principle in the case of failure to report.

7. It is claimed that the evidence shows that defendant Smith is not liable to this action, but the evidence is not all before us and so we cannot consider that point.

8. It is argued that plaintiff should have paid or tendered the taxes before it was entitled to recover for the trespass. On this point C. L. § 7429, and *Central Realty Co. v. Frost,* 76 Colo. 413, 232 Pac. 1111, are cited. The statute refers only to land sold for taxes. The land sold was not the land on which the trespass was committed and this action is not to recover land, but for trespass on land. The claim for reimbursement for taxes paid, therefore, can be only a claim for mitigation of damages, and with reference to that, no instruction was tendered. Instruction No. 4 given by the court on measure was correct as far as it went, and was not objected to on the ground that it did not direct this mitigation, so even if these taxes might have been set off, which we do not say, we cannot reverse on this ground.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.

### *On Rehearing.*

MR. JUSTICE DENISON.

We granted a rehearing on the question of the effect of C. L. sec. 7256 only, which reads as follows:

"No failure of the owner to return his property or any part thereof for assessment, or to procure such property to be assessed, or to procure the errors in the assessment to be corrected, and no irregularity,

error or omission in the assessment of any property or in the levy of any tax, shall in any manner affect the legality of any tax levied upon such property, nor any right or title to such property which would have accrued to any party claiming or holding the same under or by virtue of any sale of the treasurer or any deed executed by the treasurer as provided by law, had the assessment of the property been in all respects regular."

There is nothing there that touches the present case. The reason that the deed is void is because the description in it cannot be identified. No curative statute could make such a deed good. It is as if it contained no description. *Hammon v. Nix,* 104 Fed. 689, 691. The same rule applies to tax assessments. They must be sufficient to identify the property assessed, and if not, are void, even though the owner makes the return. 1 Cooley Tax. (3d Ed.) 740–742; *State v. Burrough,* 174 Mo. 700, 74 S. W. 610.

We adhere to our former opinion.