No. 13,920.

REED ET AL. *v.* ZAITZ.
(65 P. [2d] 711)

Decided February 15, 1937. Rehearing denied March 8, 1937.

Mr. Joseph W. Clarke, Mr. Paul W. Crawford, for plaintiffs in error.

Mr. Quentin D. Bonner, for defendant in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

Zaitz, defendant in error, claiming under two treasurer's deeds, brought this action in ejectment May 1, 1935, against plaintiffs in error. Herein reference will be made to the parties as plaintiff, and defendants or Reed. To a decree and judgment in favor of plaintiff, defendants assign error.

The property in question is located at the southwest corner of block 5, Leadville Improvement Company's Addition to the city of Leadville, which block is bounded on the west by Harrison avenue and on the south by Fifth street. Block 5 is divided into nine lots, approximately 25 feet in width north and south and 153.3 feet in length east and west. Lot No. 1 is at the north end, and lot No. 9 at the south end of said block. Defendant Reed was the record owner of the south one foot of the west 100 feet of lot 6 and the west 80 feet more or less of lots 7, 8 and 9. The west 77.6 feet of the portion owned by Reed is occupied by property known as the "Emmet Block." The east 75.7 feet of lots 7, 8 and 9 and part of lot 6 is occupied by the "Chicago Block." Lots 7, 8 and 9 and part of lot 6 were, since 1907, assessed in their entirety to defendant Reed, and were so assessed in the year 1925. The treasurer's deeds under which plaintiff claims were issued upon a certificate of a 1926 sale for the assessment of 1925, which assessment now is questioned by defendants. The latter claim that the treasurer's deeds, the basis of plaintiff's title, are void for the reason that the assessor did not assess the premises owned by defendant Reed as a unit and therefore the property was not sub-

ject to a sale for taxes. They argue that there was a double assessment, and further that there was no legal assessment on the westerly 73 feet of the lots involved. The record is not clear; however, we do not find that the defendant Reed paid any taxes whatever for the year 1925 or thereafter, and the question really presented is: Can Reed now attack the irregularity of the assessment of the property described in the tax deeds and thereby question plaintiff's title? The question arises under section 7256, C. L. 1921, which is as follows: "No failure of the owner to return his property or any part thereof for assessment, or to procure such property to be assessed, or to procure the errors in the assessment to be corrected, and no irregularity, error or omission in the assessment of any property or in the levy of any tax, shall in any manner affect the legality of any tax levied upon such property, nor any right or title to such property which would have accrued to any party claiming or holding the same under or by virtue of any sale of the treasurer or any deed executed by the treasurer as provided by law, had the assessment of the property been in all respects regular."

The complications resulting in this litigation grew out of the assessment of 1925, as appears from two tax schedules and two plats appearing as exhibits in the record herein. Exhibit 2-A was admitted as the official plat of the Leadville Improvement Company's Addition and the only plat of said addition on file in the office of the clerk and recorder of Lake county where the property is located. Exhibit 5 was produced by the county assessor as a plat of block 5 of the Leadville Improvement Company's Addition, being a copy of the plat appearing on page 32 of a certain plat book in the office of the county assessor. It purports to include the property here involved. Exhibit 3 is a certified copy of a tax schedule for the year 1925 identified as a part of the records of the county assessor and shows an assessment for that year of the south one foot of the west 100 feet of lot 6

and all of lots 7, 8 and 9. Exhibit 4 is a certified copy of a tax schedule for the year 1925, also produced by the county assessor, which on its face shows an assessment on lots "A," "B" and "C," and the east 52.8 of Lot 6, Leadville Improvement Company's Addition. For clarity, lots "A," "B" and "C" are shown on Exhibit 5 as lots 25 feet wide east and west, and 75 feet in length north and south across the east 75 feet of lots 7, 8 and 9. We do not include the fractions of feet or lots in this discussion. Exhibit 3 shows assessment of the entire property to defendant Reed and others, and Exhibit 4 shows a part of the same property assessed to Edward Jackson. The record discloses payment of taxes by Jackson on the assessment under Exhibit 4. An examination of Exhibit 2-A, the official plat of the Leadville Improvement Company's Addition, fails to show any property designated as lots "A," "B" and "C," in block 5, therefore Exhibit 4 is a copy of a tax schedule purporting to show an assessment of property not appearing on the official plat. If there was an erroneous assessment of the property here involved, the error was made in the tax schedule identified as Exhibit 4, and not that appearing as Exhibit 3 which was made according to, and in conformity with, the official plat.

Defendant Reed did not pay the taxes for the year 1925, nor since, when there was an assessment properly made according to the official plat and her record ownership, and she made no attempt to claim any error or irregularity concerning the assessment until after this action was instituted. Had she felt aggrieved by the action of the county assessor in this matter, a review thereof was available to her under appropriate statutes, passed for the benefit of property owners, and to be invoked before the county has been deprived of the use of the taxes for the period involved and before the purchaser at a tax sale is protected by section 7256, supra, providing in effect that a treasurer's deed regular upon its face, is prima facie evidence that the property con-

veyed therein was subject to the tax for the year for which it was sold, having been listed and assessed at the time and in the manner provided by law; that the sale was so conducted; and the legality of the deed is established when the owner fails to make corrections of an assessment returned by the assessor. Defendant Reed failed to make statutory return of the property here involved to the assessor and the schedule, upon such failure, was made by the assessor. The statute seems to be too clear to permit the action taken herein and insisted upon by the defendants, and besides, they present no offer to do equity.

The judgment of the lower court was right and is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE KNOUS concur.