898 So.2d 1149 (2005)
Darrell MULLINS, Appellant,
v.
Carol Lee COLBERT, Barton J. Bradshaw, et al., Appellee.
No. 5D04-1513.
District Court of Appeal of Florida, Fifth District.
April 1, 2005.
*1150 Joseph M. Mason, Jr., and Carole Joy Barice of McGee Mason, P.A., Brooksville, for Appellant.
William H. Phelan, Jr., and Amanda Bagni Reed of Bond, Arnett, Phelan, Smith Craggs, P.A., Ocala, for Appellee.
PALMER, J.
In this quiet title action based upon separate claims of title by deed and title by adverse possession, Darrell Mullins, who acquired his property interest pursuant to a tax deed sale, argues that the summary judgment entered against him was improper. Concluding that Mullins' tax deed was void because the tax sale was the result of an incorrect double assessment on the land by the tax assessor, we affirm the summary judgment entered against Mullins on his claim of title by deed. However, Mullins' claim of title by adverse possession was improperly dismissed by summary judgment and, accordingly, we reverse and remand as to that count.
The land that is the subject of the instant dispute was identified on an 1888 plat as Lots 902, 903 and 904. The South Side Subdivision was platted and recorded in 1926. Due to an error in platting, Lot 6 of the South Side Subdivision overlaps with Lots 902, 903 and 904 of the 1888 plat. Appellees are record owners of Lot 6, and, in 1987, Mullins acquired tax deeds from Citrus County to Lots 902, 903 and 904.
For several years, Citrus County "double-taxed" these three parcels by taxing both Mullins, as the record owner of Lots 902, 903 and 904, and appellees, as the record owner of Lot 6.
In 2000, the Citrus County Property Appraiser's office removed Lots 903 and 904 from the tax rolls retroactive to tax year 1997. In 2001, appellees filed the instant action to quiet title in Lot 6. Following the filing of a motion for summary judgment by appellees, the trial court entered an order granting appellees' motion *1151 for summary judgment and quieting title in favor of appellees and against Mullins. The order declared Mullins' tax deed void, ruling that Mullins and all those claiming through him were restrained from bringing any claims to obtain possession of Lot 6. The trial court did not specifically rule on Mullins' claim for adverse possession, but implicitly rejected the claim by quieting title in favor of appellees.
The trial court properly found that Mullins has no claim to the subject property by virtue of his tax deed because the tax deed was void as a result of the double assessment of taxes made by the County. See Skinner v. Simms, 355 So.2d 448 (Fla. 1st DCA 1978)(holding where tax assessor incorrectly made a double assessment and no outstanding taxes were due, the tax sale proceedings were a nullity and conferred no title in the purchaser). As the New York court held in Gaydos v. Edwards, 139 N.Y.S.2d 154, 161 (1955):
To hold otherwise would mean that the legal title holder of real property who regularly paid his taxes, under a valid assessment, could be deprived of his title under another and invalid tax assessment . . . [The statute creating tax deeds] cannot be used to create and validate a tax title which is void from its inception by reason of a double and erroneous assessment, no matter how long the tax deed has been a matter of record.
However, Mullins also asserted entitlement to the property by adverse possession in that he paid taxes on the property in question for more than seven years and had also "occupied, possessed, and exercised dominion over the lot for more than seven years prior to the filing of this action and the [appellees] have exercised no such occupation, possession or dominion over the lots."
In Florida, one may acquire property by adverse possession either under color of title or without color of title. See §§ 95.16; 95.18, Fla. Stat. (2003). Under either statutory method, the possession of the real property by the one asserting the right must be continuous, adverse, and exclusive of any other right.
It is settled law that a tax deed, whether valid or invalid, is color of title under the adverse possession statutes. Ates v. Yellow Pine Land Co., 310 So.2d 772, 774 (Fla. 1st DCA 1975). Under color of title, a property is deemed possessed under the following circumstances:
95.16 Real property actions; adverse possession under color of title.
* * *
(2) For the purpose of this section, property is deemed possessed in any of the following cases:
(a) When it has been usually cultivated or improved;
(b) When it has been protected by a substantial enclosure. All land protected by the enclosure must be included within the description of the property in the written instrument, judgment, or decree. If only a portion of the land protected by the enclosure is included within the description of the property in the written instrument, judgment, or decree, only that portion is deemed possessed;
(c) When, although not enclosed, it has been used for the supply of fuel or fencing timber for husbandry or for the ordinary use of the occupant; or
(d) When a known lot or single farm has been partly improved, the part that has not been cleared or enclosed according to the usual custom of the county is to be considered as occupied for the same length of time as the part improved or cultivated.
§ 95.16(2) Fla. Stat. (2003).
In his affidavit, which was submitted in opposition to appellees' motion for summary judgment, Mullins attested:

*1152 11. AFFIANT, from on and after the date of his acquisition of title to LOTS 902-904, possessed, utilized, and improved the said lots, adversely to any interest which the Plaintiffs may claim therein, by mowing, clearing, grubbing, opening, and occupying LOTS 902-904. . . .
Such evidence was sufficient to create a genuine issue of material fact regarding Mullins' adverse possession claim. Accordingly, entry of summary judgment quieting title against Mullins was not warranted.
We affirm the trial court's determination that Mullins' tax deed title is void and he can assert no claim against the property by virtue of that deed. However, we reverse the entry of the summary judgment quieting title because of the improper entry of the summary judgment as it relates to Mullins' adverse possession claim. As to that count, we reverse and remand for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part, REMANDED.
SHARP, W. and PLEUS, JJ., concur.