LAKE CANAL RESERVOIR COMPANY;
Lake Canal Company; Alden V. Hill;
and Ann L. Deseran, Petitioners

v.

Douglas C. BEETHE; Terese L. Beethe;
Chris Woodruff, County Assessor; John
LeFebvre, County Treasurer; and Susie
Velasquez, Trustee of Weld County, Re-
spondents.

No. 08SC401.

Supreme Court of Colorado,
En Banc.

March 22, 2010.

LiPuma Law Associates, LLC, Richard T. LiPuma, Loveland, Colorado, University of Denver, College of Law, Robert S. Anderson, Denver, Colorado Attorneys for Petitioners.

Otis, Coan & Peters, LLC, Jennifer Lynn Peters, Charles M. Shoop, Greeley, Colorado, Attorneys for Respondents.

No appearance by or on behalf of: Chris Woodruff, County Assessor; John LeFebvre, County Treasurer; and Susie Velasquez, Trustee of Weld County.

Justice EID delivered the Opinion of the Court.

Petitioners Lake Canal Reservoir Company and Lake Canal Company ("Lake Canal"), Alden Hill ("Hill"), and Hill's sister Ann Deseran ("Deseran"), brought suit against Respondents Douglas Beethe and Terese Beethe ("the Beethes") to quiet title and to void a 1997 treasurer's deed that conveyed a parcel of land to the Beethes. The Beethes contended that the action was barred under the applicable five-year statute of limitations. *See* § 39–12–101, C.R.S. (2009) (requiring that an action for the recovery of land for which a tax deed has been issued must be brought within five years after the issuance of the deed). The trial court disagreed, concluding that the statute of limitations period did not apply to the action because the deed was void. More specifically, the trial court based its conclusion that the deed was void on the grounds that insufficient notice was given for the tax sale, that taxes were inappropriately assessed on the property because it comprised a reservoir used for irrigation purposes, and that the property was not accurately described. The trial court ultimately issued a judgment declaring the deed void and quieting title in Hill and Deseran.

The court of appeals reversed and remanded. *Lake Canal Reservoir Co. v. Woodruff*, No. 06CA1467, slip op., 2008 WL 963043 (Colo.App. Apr. 10, 2008) (not selected for official publication). It agreed with the trial court that the statute of limitations would not apply to a void deed. The court of appeals held, however, that the deed in this case was

voidable, rather than void, because it was not void on its face. The court found that because extraneous evidence was necessary to determine the validity of the deed, it was merely voidable. The court therefore concluded that the void deed exception to the statute of limitations did not apply.

We granted certiorari,[1] and now affirm the ruling of the court of appeals, although on a different rationale. We hold that the line between a void and a voidable tax deed does not depend on the nature of the evidence used to determine the deed's defect, but rather on the nature of the defect itself. Under our caselaw, a deed is void and therefore not subject to the statute of limitations when the taxing entity had no jurisdiction or authority to issue the deed. *See, e.g., Crisman v. Johnson*, 23 Colo. 264, 271, 47 P. 296, 299 (1896), *declined to follow on other grounds by Bd. of Comm'rs v. Timroth*, 87 P.3d 102 (Colo.2004). In this case, the defects alleged by the petitioners—namely, that the property in question was improperly assessed, that notice of the tax sale was inadequate, and that the property was insufficiently described—do not challenge the authority or jurisdiction of the taxing entity. The void deed exception to the statute of limitations therefore does not apply in this case. Accordingly, we affirm the court of appeals' conclusion that the deed in question was voidable, rather than void, and remand the case to the trial court for further proceedings consistent with this opinion.

## I.

This case involves a tract of land of 50.30 acres in Weld County containing a reservoir ("the Reservoir Tract").[2] Lake Canal holds a perpetual easement to use the reservoir on the Reservoir Tract. Hill and Deseran own a tract of land adjoining the Reservoir Tract to the north, and they assert that they have adversely possessed a portion of the Reservoir Tract. The Beethes purchased a separate adjoining tract of land to the south in April 1992. The Beethes' tract and the Reservoir Tract had long been taxed as one tract. Upon discovering that the Reservoir Tract was, in fact, a separate tract, the Weld County tax assessor added the Reservoir Tract as a separate parcel to the tax rolls. The assessor exempted 21.11 acres used as a reservoir, and taxes were levied on the remaining portion of the Reservoir Tract.

The then-owner of record, who is not party to this appeal, did not pay the taxes, and the Beethes purchased a tax lien on the Reservoir Tract in November 1993. The Weld County treasurer's office then issued a deed conveying the Reservoir Tract to the Beethes; this deed was recorded in February 1997. The petitioners claim that they only learned of the Beethes' claim to the land in 2003. In November 2003, they filed this action against the Beethes[3] seeking to quiet title to the Reservoir Tract and to set aside the treasurer's deed issued to the Beethes. We therefore have a dispute between neighbors over land previously owned by an owner of record who is not a party to this appeal. Hill, Deseran, and the Beethes claim to have used the land for a variety of recreational and farming purposes.[4]

1. Certiorari was granted on the following three issues, as reframed by this court:
   1. Whether a tax deed attempting to convey a reservoir property not subject to separate taxation is void.
   2. Whether an action seeking to quiet title to the reservoir property is subject to the statute of limitations if the tax deed is void.
   3. Whether equity requires invalidation of a tax deed purporting to convey improperly assessed reservoir property.

2. The reservoir also spans other tracts of land not at issue in this case.

3. Numerous other parties, including several Weld County officials, were named as defendants at the trial court level. However, the Beethes are the only respondents appearing before this court.

4. As the lower courts noted, Hill and Deseran claim that they (or their predecessors) have built fences, roads, corrals, and feeding structures on the Reservoir Tract, and that they have leased the land to tenant farmers. The trial court found that one predecessor had used portions of the Reservoir Tract as a pasture year-round. The Beethes similarly claim that they have "treat[ed the Reservoir Tract] like part of their backyard." They have "hiked, walked, rode horses, camped, rode go-karts, farmed, and did other outdoor activities" on it. They claim that they have maintained the property, removed a fence from it, and evicted trespassers.

The trial court concluded that the treasurer's deed purporting to convey the Reservoir Tract to the Beethes was void because Weld County tax officers had not complied with statutory assessment and notice requirements and because the description of the assessed property was inaccurate.[5] With regard to notice, in particular, the court found that Weld County had provided statutorily inadequate notice because it did not provide a tax delinquency notice to Hill and Deseran, did not order a full title report, did not serve notice on numerous parties who occupied the Reservoir Tract or on parties with a record interest, and omitted the property's section number in the published notice. See § 39-11-128(1)(a), C.R.S. (2002). In addition, the trial court found that the assessment was invalid because witnesses from the Weld County tax assessor's office could not explain why only 21.11 acres, instead of the entire Reservoir Tract, were exempted from taxation in accordance with the constitutional constraint that a reservoir exclusively used by its owner for irrigation purposes is not to be separately taxed. See Colo. Const. art. 10, § 3(1)(d). Finally, the trial court found that the description of the Reservoir Tract was indefinite, because it exempted only 21.11 unspecified acres from taxation. The trial court concluded that due to the deficiencies described above, the tax deed was void, and it therefore fell within the exception to the statute of limitations period for void deeds. The trial court then quieted title in favor of Hill and Deseran for the part of the Reservoir Tract not subject to Lake Canal's easement.[6]

On appeal, the court of appeals reversed and remanded. It agreed with the trial court that notice of the tax sale was defective and that the Reservoir Tract was inaccurately assessed. However, the court of appeals stated that the trial court's findings were sufficient to find the tax deed voidable, rather than void. The court noted that a voidable deed was one that required the court to "analyze extraneous evidence" not clearly visible upon a reading of the tax deed itself. Lake Canal Reservoir Co., No. 06CA1467, slip op. at 5. The court concluded that two of the issues that the trial court considered would require extraneous evidence. First, extraneous evidence would be necessary to determine whether notice was deficient, as the tax deed itself contained no statements regarding efforts taken to provide notice. Second, because reservoirs are only exempt from separate taxation when used exclusively by their owners for irrigation purposes, see Colo. Const. art. 10, § 3(1)(d), deciding whether the Reservoir Tract was inappropriately assessed would require extraneous evidence to determine how and by whom it was being used. As to the indefinite description, the court found that a plausible reading of the tax deed's language could keep the deed from being void on its face. See Lake Canal Reservoir Co., No. 06CA1467, slip op. at 13 (the Beethes' deed is not void if it "expressly includes the 21.11 [tax-exempt] acres within the description of the property conveyed"). Thus, the tax deed was voidable, but not void.

The court recognized that the five-year statute of limitations does not apply to either 1) a void deed or 2) a quiet title action against a tax deed holder who is not in possession of the property. It concluded that the first exception was not applicable in this case because the deed was voidable, not

---

5. The description of the Reservoir Tract in the Tax Sale Certificate of Purchase is as follows: 23328–A PT NE4 7 6 67 BEG N4 COR OF SEC N89D06' E 943' M/L TO PT BEING SB9D06' W 1548' FROM NE COR OF SEC S35D20' E 63' N88D25' E 465' S53D45' E 151' S04D40' E 249' S17D10' W 228' S11DW 306' S100' S04D05' E 165' S21D10' W 100' S39D15' W 100' S61D10' W 247' N78D50' W 252' S86D20' W 280' S41D10' W 328' S71D40' W 72' N62DW 232' N69D40'W 150' TO N–S CENTER SEC LN 1126' N OF CENTER OF SEC N1514' TO BEG AKA KERN'S RESERVOIR (21.11 RES)[.]

6. Some of the trial court's findings appear to be in conflict. For example, while the trial court found that the entire Reservoir Tract was tax-exempt because all of it was a reservoir, it also found that a predecessor of Hill and Deseran had adversely possessed a portion of the Reservoir Tract by using a fenced animal pasture on the Reservoir Tract year-round. The latter finding would suggest that at least a portion of the Reservoir Tract is subject to taxation, and the former would suggest that the Reservoir Tract could not have been adversely possessed through year-round use as a pasture.

void. The court remanded the case for further findings to determine whether the Beethes were in possession of the Reservoir Tract when the quiet title claim was filed and thus whether the petitioners' claims could fall within the second exception to the statute of limitations.

We granted certiorari, and we now affirm, although on a rationale that differs from that adopted by the court of appeals. We hold that the line between a void and a voidable tax deed does not depend on the nature of the evidence used to determine the deed's defect, but rather on the nature of the defect itself. Under our caselaw, a deed is void and therefore not subject to the statute of limitations when the taxing entity had no jurisdiction or authority to issue the deed. In this case, the defects alleged by the petitioners—namely, that the property in question was improperly assessed, that notice of the tax sale was inadequate, and that the property was insufficiently described—do not challenge the jurisdiction or authority of the taxing entity. The exception to the statute of limitations that operates when a deed is void is therefore inapplicable in this case.

## II.

We have before us a dispute between neighbors over property previously owned by an owner of record who is not a party to this appeal. When the owner of record failed to pay the taxes that were assessed, the land was sold and a tax deed issued to the Beethes, who recorded the deed in February 1997. The Beethes' neighbors, Hill and Deseran, together with Lake Canal,[7] did not bring suit to void the tax deed until November 2003, or more than six years after the tax deed was recorded. An action for the recovery of land for which a tax deed has been issued must be brought within five years after the issuance of the deed. § 39–12–101. Therefore, the petitioners' claim to set aside the tax deed is barred unless they can demonstrate that the statute of limitations should not apply. *See Garrett v. Arrowhead Improvement Ass'n,* 826 P.2d 850, 855 (Colo.

1992) ("Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled." (citations omitted)); *Richardson v. Halbekann,* 97 Colo. 175, 178, 48 P.2d 1014, 1015 (1935) (burden of proof is on the party seeking to challenge the validity of a tax deed).

■ Statutes of limitations serve several important purposes within the justice system. They "promote justice, discourage unnecessary delay and forestall prosecution of stale claims." *Jones v. Cox,* 828 P.2d 218, 224 (Colo.1992) (citations omitted). Thus, a statute of limitations should be tolled only due to "extraordinary circumstances." *See Morrison v. Goff,* 91 P.3d 1050, 1053 (Colo. 2004) (citation and quotation marks omitted).

■ This court has found that the statute of limitations will not apply to tax deeds in two situations. First, the statute of limitations will not apply where the tax deed is void, as a void deed gives the statute "nothing for the statute to operate upon." *Page v. Gillett,* 47 Colo. 289, 293, 107 P. 290, 291 (1910). Second, it will not apply where the claim involves a quiet title action and the holder of the deed is not in possession of the property. *See, e.g., Welsh v. Levy,* 200 Colo. 36, 38, 612 P.2d 80, 82 (1980); *Vogt v. Hansen,* 123 Colo. 105, 109–10, 225 P.2d 1040, 1042–43 (1950). The first exception to the statute of limitations is the primary focus of this case as it appears before us now; the court of appeals remanded the case for further development as to the second exception.

■ A tax deed that is not void may still be voidable, so long as the claim to recover property is brought within the applicable statute of limitations. *See, e.g., Bald Eagle Mining & Ref. Co. v. Brunton,* 165 Colo. 28, 32, 437 P.2d 59, 61 (1968) ("Until the applicable periods of limitation have expired, tax deeds, even though valid on their face, are subject to attack for irregularities in the proceedings."). Whether a deed is void or voidable entirely shapes the rights that can

7. Lake Canal's recorded easement will remain unaffected regardless of who owns the Reservoir Tract.

be claimed under it once the statute of limitations has expired:

A void deed is a nullity, invalid ab initio, or from the beginning, for any purpose. It does not, and cannot, convey title, even if recorded.... In contrast, a voidable deed conveys property and creates legal title unless, and until, it is set aside by the court.

*Delsas ex rel. Delsas v. Centex Home Equity Co.,* 186 P.3d 141, 144 (Colo.App.2008) (citations omitted). Thus, we first consider where the line should be drawn between void and voidable deeds, and then apply that line to the facts of this case.

### A.

■ The court of appeals held that a tax deed is "void" when its flaws are apparent from the face of the document; if extraneous evidence is necessary to determine whether the deed is valid, the deed is voidable. *Lake Canal Reservoir Co.,* No. 06CA1467, slip op. at 5. The court relied primarily on our decision in *North American Realty Co. v. Brady,* in which we stated: "The statute of limitations ... bars plaintiff's action if defendants' tax deed is fair on its face. On the other hand, the statute is not a bar and is not applicable, if the tax deed is void on its face." 77 Colo. 56, 57, 234 P. 1054, 1054 (1925) (citations and internal citations omitted). A closer look at the *North American Realty* case suggests, however, that the line between void and voidable deeds depends not upon the type of evidence necessary to determine the deed's validity, but rather on whether the taxing entity possessed the authority and jurisdiction to issue the deed.

For the proposition that "the statute [of limitations] is not a bar and is not applicable, if the tax deed is void on its face," the court in *North American Realty, id.,* looked to *Crisman v. Johnson,* 23 Colo. 264, 47 P. 296 (1896), *declined to follow on other grounds by Bd. of Comm'rs v. Timroth,* 87 P.3d 102 (Colo.2004). In *Crisman,* 23 Colo. at 267–68, 47 P. at 297–98, we addressed a tax deed in which it "appear[ed] upon [its] face" that the

tax sale occurred at the county clerk's office, when the statute authorized the county treasurer to conduct the sale only "at his (the treasurer's) office." Because the treasurer "was without jurisdiction to sell at such place," the deed was "void," and the statute of limitations did not apply. *Id.* at 268, 47 P. at 298 (citations omitted). Thus, in determining whether the deed in question was void for purposes of the statute of limitations, the *Crisman* court focused on the treasurer's authority to issue the deed, not on the type of evidence (facial or extraneous) necessary to determine whether the deed was issued without authority.

When examining a second deed at issue in *Crisman,* we had the opportunity to explore the sort of flaws that would not render a deed void. For example, it was alleged that sale of the property in connection with the issuance of the second deed occurred without sufficient notice. *Id.* at 271, 47 P. at 299. We drew a line between insufficiencies that go to the actual authority or jurisdiction of the taxing entity to act—where, for example, "the property sold was not within the jurisdiction of the tax district, or ... the sale in fact never took place"—and those that go toward whether the sale was conducted according to proper procedure. *Id.* We found that insufficient notice fell within the latter category, observing that notice is "not essential to the exercise of the taxing power" and that therefore the statute of limitations applied. *Id.* We summarized the rule as follows: "all questions with reference to tax proceedings, except such as go to the power and jurisdiction of the taxing officers, or the fraud and misconduct of the parties, are [subject to] the statute" of limitations. *Id.* (citation omitted). We noted that the rule adopted by the court was "neither harsh nor unreasonable, but necessary for the protection of purchasers at tax sales, and to secure the collection of the public revenue." *Id.* at 272, 47 P. at 299.

In drawing its line between void and voidable tax deeds, *Crisman* relied on our earlier case of *Gomer v. Chaffee,* 6 Colo. 314 (1882),[8]

---

8. *See Crisman,* 23 Colo. at 268, 47 P. at 298 (citing *Gomer*). The justices who specially concurred in *North American Realty* also cited *Gom-*

er. *See* 77 Colo. at 59, 234 P. at 1055 (Denison and Burke, JJ., specially concurring).

which also focused on the authority and jurisdiction of the officer, not on the type of evidence necessary to demonstrate invalidity. In *Gomer*, the tax deed in question showed that the tax sale occurred on April 17th, three days before the sale was authorized to occur by statute. We concluded that the deed was "void" because "[t]he power of an officer making a tax sale is purely statutory," "[t]he officer ha[d] no power [under the applicable statute] to sell .... until after the 20th of April," and the "tax deed bore on its face" evidence of this flaw. *Id.* at 315–17. We held that the statute of limitations did not apply to bar challenge to the deed, noting: "It is difficult to see how the statute of limitations can avail a defendant holding a void deed. There was nothing for the statute to operate upon; nothing for it to run in favor of or against; nothing to set it in motion." *Id.* at 317. As in *Crisman*, the *Gomer* court focused on the nature of the flaw, rather than on the type of evidence necessary to determine the flaw.

In sum, when *North American Realty* noted that the statute of limitations is not applicable if the tax deed is "void on its face," 77 Colo. at 57, 234 P. at 1054, it was referring to the fact that the deeds considered in *Crisman* (and, through citation to *Crisman*, the deed considered in *Gomer*) were void due to the fact that the taxing entity had no jurisdiction or authority to issue them; the fact that the defect happened to be apparent on the face of the deeds was not essential to the analysis. Indeed, the deeds declared void in *Crisman* and in *Gomer* were not actually void on their faces, in the sense that no extrinsic evidence was necessary to determine their validity. In both cases, it was necessary to examine the applicable statute in order to determine that the taxing entity had no authority to issue the deeds—because the statute specified that the taxing entity had no authority to conduct a sale other than at a particular location (*Crisman*) or after a particular date (*Gomer*).[9]

Another case of this period confirms that a deed is void for statute of limitations pur-poses when the defect goes to the authority or jurisdiction of the taxing entity. In *Dimpfel v. Beam*, 41 Colo. 25, 28, 91 P. 1107, 1108 (1907), we held that a tax deed was "void" where the deed was issued after a statute had been amended to remove the county treasurer's authority to issue it. We concluded that "[t]he deed therefore was a nullity; the statute having taken away not only the right of the county to receive the deed, but also the power of the county treasurer to make a deed to the county." *Id.* Citing *Crisman* and *Gomer*, we noted that "it follows that the statute of limitations ... would have constituted no bar to the relief the appellant was entitled to ...; it being well settled that the statute of limitations does not apply where the deed *is void on its face.*" *Id.* (citing *Crisman*, 23 Colo. at 268, 47 P. at 298; *Gomer*, 6 Colo. at 317) (emphasis added). Thus, while the court used the terms "void" and "void on its face" interchangeably, *see id.* at 28–29, 91 P. at 1108, the clear import of *Dimpfel* is that a deed is void when the flaw goes to the actual authority or jurisdiction of the taxing entity to act— in that case, the statute had expressly removed that authority and jurisdiction. *Id.* at 28, 91 P. at 1108; *accord Page*, 47 Colo. at 290–92, 107 P. at 290–91 (relying on *Gomer*, *Crisman*, and *Dimpfel* for the proposition that "a void deed does not set in motion" the statute of limitations, and concluding that the statute of limitations did not apply to "void" tax deeds for sales of "noncontiguous property en masse for a gross sum" not permitted under our caselaw).

The same confusing terminology is found in the court's statement in *North American Realty* that "[t]he statute of limitations ... bars plaintiff's action if defendants' tax deed is fair on its face." 77 Colo. at 57, 234 P. at 1054. For this statement, we cited *Williams v. Conroy*, 35 Colo. 117, 83 P. 959 (1905), and *Wood v. McCombe*, 37 Colo. 174, 86 P. 319 (1906), *aff'd sub nom. Elder v. Wood*, 208 U.S. 226, 28 S.Ct. 263, 52 L.Ed. 464 (1908). In *Williams*, we found that, despite certain

---

9.  While these early discussions of authority and jurisdiction still apply to tax deeds, the current statutory regime, with its emphasis on confirming tax deeds, no longer predicates jurisdiction on strict compliance with statutory recitals. *See, e.g., Bd. of Comm'rs v. Timroth*, 87 P.3d 102, 108 (Colo.2004) (permitting reformation to correct erroneous recital in tax deed).

unspecified "informalities in the sale" that rendered the deeds "void" "as a matter of law," the deeds were still subject to the statute of limitations. 35 Colo. at 120, 122, 83 P. at 960–61; *see also id.* at 122, 83 P. at 961 (same conclusion regarding other deeds that suffered from "certain irregularities preceding the sale"). While we concluded that the deeds in question were "regular and valid on their face," *id.* at 120, 83 P. at 960, it appears that, consistent with *Crisman, Gomer,* and *Dimpfel,* we found that the "informalities" did not go to the authority or jurisdiction of the taxing entity, *see id.* at 125, 83 P. at 961 (finding that, despite irregularities, statute of limitations applied and title was vested in tax deed purchaser).

The same is true of *Wood,* which held that the statute of limitations would apply on two grounds. First, we considered, and rejected, the argument that the subject mining interests could not be taxed because they were contained within property owned by the United States, concluding that the taxing entity had authority to tax a mining interest in the property. *See Wood,* 37 Colo. at 177, 184, 86 P. at 320, 322. Second, we concluded that errors in notice did not render the statute of limitations inapplicable, in reliance on *Williams. See id.* at 177, 182, 37 P. at 320–21 (quoting *Williams,* 35 Colo. at 120–21, 83 P. at 960, and describing the deficiency as the fact that "the advertisement of the tax sale was made by publication in the Sunday issue only of a newspaper"). In sum, the statute of limitations applied because the taxing entity was authorized to act: it had authority to assess mining interests, and the insufficient notice challenged the *manner* in which the authority was exercised, but not the authority *itself.*

This distinction between void and voidable tax deeds—that is, between a deed that is issued without authority or jurisdiction, and one that is issued with authority but where that authority is exercised in an improper manner—holds true in more modern caselaw considering the void deed exception to the statute of limitations. For example, a forged tax deed is a deed issued without any authority, rendering it void. *See, e.g., Delsas,* 186 P.3d at 144 (citation omitted); *see also Hoch-*muth v. Norton, 90 Colo. 453, 455–56, 9 P.2d 1060, 1061 (1932) (citations omitted) (holding, consistent with *Gomer,* that the statute of limitations did not apply to a sale that occurred on a different date than that specified by statute).

We acknowledge that throughout our caselaw, we have been imprecise in our use of the terms "void," "voidable," "void on its face," and "invalid." We further acknowledge that, in particular, the language in *North American Realty* is not clear and is subject to different interpretations. However, we take the opportunity today to clarify our caselaw and hold that the line between a void and a voidable tax deed does not depend on the nature of the evidence used to determine the deed's defect, but rather on the nature of the defect itself. A deed is void—and therefore not subject to the statute of limitations—when the taxing entity lacked the authority or jurisdiction to issue it.

### B.

We now turn to the specific deficiencies alleged in this case—namely, inadequate notice, description, and assessment—and determine whether they demonstrate that the deed was issued without jurisdiction or authority. If so, the void deed exception to the statute of limitations applies. If not, the deed is merely voidable.

With regard to notice, the General Assembly requires that several steps be taken. Prior to the issuance of a tax deed, the county treasurer must serve, by personal service or mail, notice "on every person in actual possession or occupancy" of the property. § 39–11–128(1)(a), C.R.S. (2009). The treasurer must also serve notice "on the person in whose name [the property] was taxed," and on "all persons having an interest or title of record in" the property, if they can be located through "diligent inquiry." *Id.* The treasurer additionally must publish notice in a county newspaper. § 39–11–128(1)(b). In this case, the petitioners assert that, as found by the trial court, notice was ineffective because the published description did not contain a lot number and because notice was not served on everyone who had

an interest or possession and who could have been contacted through diligent inquiry.

■ Assuming that insufficient notice was given, the tax deed in this case would be voidable, rather than void. In both *Wood* and *Crisman*, discussed above, we held that insufficiencies in notice did not render a deed void for statute of limitations purposes. *See Crisman*, 23 Colo. at 270–71, 47 P. at 299; *Wood*, 37 Colo. at 177, 182–83, 86 P. at 320–22. We have made similar observations in cases not involving a statute of limitations issue. *See, e.g., Wright v. Yust*, 118 Colo. 449, 451, 195 P.2d 951, 952 (1948) (holding that a treasurer's deed "issued without notice" and in contravention of statute was "voidable, not void" (citation omitted)); *Phillips v. City & County of Denver*, 115 Colo. 532, 534, 175 P.2d 805, 806 (1946) (despite a lack of "essential" notice, deed "was voidable, not void"). Statutory language supports our caselaw. One provision states that if the wrong owner is named—an error that seems more substantive than any alleged in the present case—that fact will not invalidate the sale of a delinquent tax lien. *See* § 39–11–112(1).

■ We also note that the notice requirement has long been understood to primarily protect the interests of owners of record. "The only purpose of the law in requiring the publication of notice that application has been made for the issuance of a treasurer's deed ... is to protect the interest of the fee-title owner and afford him an opportunity for redemption...." *Mitchell v. Espinosa*, 125 Colo. 267, 272, 243 P.2d 412, 414 (1952). In this case, the original owner of record is not involved in the appeal before us. Instead, a number of persons who each claim to have an interest in the Reservoir Tract (and who dispute other parties' interests) argue that they, in addition to the owner of record, should have received notice. In particular, it is still unclear from the record which parties in this case had a possessory interest that would entitle them to notice; the court of appeals remanded specifically for determinations regarding possession of the Reservoir Tract.

With regard to the assessment issue, reservoirs in the State of Colorado are not subject to separate taxation so long as they are used by their owners exclusively for irrigation purposes. *See* Colo. Const. art. 10, § 3(1)(d); § 39–3–104, C.R.S. (2009); *Shaw v. Bond*, 64 Colo. 366, 369–70, 171 P. 1142, 1144 (1918). The petitioners argue that Weld County had no authority to tax the property in question in this case because it is exempt reservoir property, and that therefore the deed was void. The petitioners' argument gathers support from the *Wood* case, discussed above, in which it was argued that the taxing entity had no authority to assess mining interests contained in property owned by the United States. We rejected the argument, and instead held that there was statutory authority to tax mining interests in the state, including interests involving underlying property still held by the federal government. *See Wood*, 37 Colo. at 184, 86 P. at 322. However, we undoubtedly would have declared the deed void on that ground, had we interpreted our tax laws so as not to permit such taxation. Similarly, other jurisdictions have found, for example, that a deed is void where tax-exempt church property was taxed and sold, *see, e.g., Marathon Inv. Corp. v. Spinkston*, 281 Ga. 888, 644 S.E.2d 133, 134–35 (2007); where public property was erroneously taxed and sold, *see, e.g., L & B Real Estate v. Housing Auth.*, 149 Cal. App.4th 950, 57 Cal.Rptr.3d 298, 303 (2007); *Lawton v. Dunn*, 132 P.3d 630, 632 (Okla.Civ. App.2005); or where property was doubly taxed, *see, e.g., Mullins v. Colbert*, 898 So.2d 1149, 1151 (Fla.Dist.Ct.App.2005); *Nutting v. Herman Timber Co.*, 214 Cal.App.2d 650, 656, 29 Cal.Rptr. 754 (1963); *Gaydos v. Edwards*, 139 N.Y.S.2d 154, 161 (N.Y.Sup.Ct. 1955).

■ On the other hand, we have held that deficiencies in assessment do not render a deed void. In *Reed v. Zaitz*, 100 Colo. 87, 88–89, 65 P.2d 711, 711 (1937), an owner who lost her property through nonpayment of taxes tried to claim improper assessment as a defense. This court held that she could not do so; an allegedly erroneous assessment did not permit the original owner to raise her claims ten years after the assessment took place. It is a property owner's responsibility to challenge an improper assessment "before

the county has been deprived of the use of the taxes for the period involved and before the purchaser at a tax sale is protected by [statute]." *Id.* at 90, 65 P.2d at 712. Another case indicates that an assessment that "appears to be arbitrary" may nonetheless be valid. *Olson v. Tax Serv. Corp.*, 102 Colo. 75, 77–78, 76 P.2d 1113, 1114–15 (1938) (assessment not nullified although apparently arbitrary and inconsistent with actual property use). That erroneous assessments would render a deed voidable, rather than void, appears to be supported by statutory language, which provides specific dates and procedures by which challenges to assessments must be raised. *See* § 39–5–122(2), C.R.S. (2009).

In sum, where the authority or jurisdiction of a taxing entity is entirely lacking—as in the *Wood* case (had our interpretation of the taxation laws concluded that mining interests could not be taxed when the mining property was owned by the United States), or where church property was taxed—the resulting deed is void. But where a taxing entity has the authority and jurisdiction to tax but has made errors in exercising that authority, the deed is merely voidable. As applied here, we find that the assessment may have been faulty, but it was not entirely without authority.

As noted above, the constitutional tax exemption is available only for property used *exclusively* by its owner for reservoir purposes. Given the evidence in the record that portions of the Reservoir Tract were used for a variety of recreational and farming purposes, the Weld County assessor may well have correctly exempted only a portion of the Reservoir Tract. *See Logan Irrigation Dist. v. Holt*, 110 Colo. 253, 257, 133 P.2d 530, 531 (1943) (holding that land dependent on but not itself used as a reservoir was properly subject to taxation despite prior years of tax exemption). While the assessed tax may have been excessive, at least some of that assessment was authorized. The deficiencies

of the assessment here speak to its scope rather than its underlying authority.[10]

■ Finally, we find that the deed in question here is not void due to insufficiencies in the description of the property. When a property is so inadequately described that its boundaries cannot be identified, a deed may be void. *See Smith v. Highland Mary Mining, Milling & Power Co.*, 82 Colo. 288, 290, 259 P. 1025, 1026 (1927). However, as the court of appeals held, the description of the Reservoir Tract can plausibly be read as proper on its face. *Lake Canal Reservoir Co.*, No. 06CA1467, slip op. at 13 (the Beethes' deed is not void if it "expressly includes the 21.11 [tax-exempt] acres within the description of the property conveyed"). Like the court of appeals in this case, our caselaw is concerned with the tax deed's description of the property as a whole, rather than with some subpart of it designated for exemption. *See Cripple Creek Trading & Mining Co. v. Stewart*, 100 Colo. 271, 273–74, 67 P.2d 1032, 1033 (1937) (suggesting that deed is void on its face when property description fails to delineate the boundaries of the parcel); *Smith*, 82 Colo. at 290, 259 P. at 1026 ("Since the description in each of these deeds is of an unidentified part of larger tract, they are void . . . .").

The boundaries of the Reservoir Tract in its entirety are apparently one of the very few issues not currently in dispute in the present case. Neither the current parties nor the previous owners appear to have been remotely misled by the description of the boundaries of the Reservoir Tract. *See Seymour v. Deisher*, 33 Colo. 349, 351–52, 80 P. 1038, 1039 (1905) ("The purpose of description is designation and identification[, which] is accomplished when the description of real property sold for taxes is such that thereby it can be identified, either with or without extrinsic evidence, and does not mislead the owner." (citations omitted)). Finding the Beethes' tax deed not void for indefiniteness

---

10. The county employees who testified at trial many years after the assessment took place were not sure of the grounds upon which the assessment was based. However, that fact alone is not decisive. *See Bald Eagle Mining & Ref. Co. v. Brunton*, 165 Colo. 28, 31, 437 P.2d 59, 61

(1968) ("[E]vidence that officials were unable to remember the precise procedure they had followed was insufficient to overcome the effect of their own recitals in . . . the deed itself." (characterizing *Colpitts v. Fastenau*, 117 Colo. 594, 192 P.2d 524 (1948))).

is also in keeping "with the general trend toward affirming tax titles." *Bd. of Comm'rs v. Timroth,* 87 P.3d 102, 108 (Colo.2004) (permitting reformation to correct erroneous recital in tax deed).

The parties' equitable arguments raise substantially the same points as their legal arguments. The petitioners argue that "equity prohibits" applying the statute of limitations "because county officials failed to provide notices to Hill and Lake Canal of the tax assessment, alleged delinquency, sale of tax lien, or intent to issue a treasurer's deed...." The Beethes argue that equity favors them, because they complied with all requirements to legally obtain title to the Reservoir Tract. We find it significant that there is no indication of wrongdoing by the Beethes. *See Morrison v. Goff,* 91 P.3d 1050, 1053 (Colo.2004) (statute of limitations may be tolled if wrongdoing of the defendant caused the delay). The equities, like the law, weigh in favor of finding that the Beethes' tax deed was voidable, rather than void.

In sum, there is no question that the tax deed issued in this case was flawed. The only question is whether those flaws rendered the deed void or voidable. We hold that, because the deficiencies did not call into question the authority or jurisdiction of Weld County to issue the deed, the flaws rendered the deed voidable, but not void. Thus, the present case does not fit within the exception to the statute of limitations we have carved out for void deeds, and the statute of limitations applies with regard to the issues before us. Given the legislative will expressly embodied in the statute of limitations, we decline to expand the categories of void deeds to address the present situation.

Even though the Beethes' tax deed was not void, additional findings will be necessary to determine whether the statute of limitations bars the petitioners' claim to quiet title. With regard to an action to quiet title, "the five-year statute of limitations may not be relied upon as a defense unless the holder of the treasurer's deed is in actual possession of the property at the time the action is commenced." *Welsh v. Levy,* 200 Colo. 36, 38–39, 612 P.2d 80, 82 (1980) (collecting cases). Determining possession requires an individualized, fact-specific inquiry. *See, e.g., Colburn v. Gilcrest,* 60 Colo. 92, 97–98, 151 P. 909, 911 (1915) ("[W]hat acts may or may not constitute a possession are necessarily varied, and depend to some extent upon the nature, locality, and use to which the property may be applied, the situation of the parties, and a variety of circumstances...."). As the court of appeals found, it is unclear from the record of this case whether the Beethes were in actual possession of the Reservoir Tract when the claim to quiet title was brought. Therefore, this case is remanded to the trial court for determinations on this issue.

### III.

In conclusion, the facts of this case support a finding that the Beethes' tax deed was voidable, but not void. The exception to the statute of limitations for void deeds therefore does not apply. We affirm the court of appeals and remand to the trial court for proceedings consistent with this opinion.