The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
September 19, 2024

## 2024COA104

**No. 23CA1288, *Arnold v. Brent* — Real Property — Quiet Title; Taxation — Property Tax — Sale of Tax Liens — To Whom Tax Lien Shall be Sold — Entire Piece of Property**

In this quiet title action, a division of the court of appeals considers whether a county treasurer's office is authorized under section 39-11-115, C.R.S. 2024, to sell a tax lien on a partial interest in real property consisting of distinct, but undivided, interests. The division concludes that a treasurer's office does not have this authority because section 39-11-115 requires that a tax lien be sold for "an entire piece of property." Accordingly, a treasurer's deed issued under section 39-11-128, C.R.S. 2024, resulting from such a sale and without notice to all interest holders is void.

COLORADO COURT OF APPEALS     **2024COA104**

Court of Appeals No. 23CA1288
Washington County District Court No. 22CV4
Honorable Justin B. Haenlein, Judge

April Katri Arnold,

Plaintiff-Appellant,

v.

Nelson Brent,

Defendant-Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE MOULTRIE
Fox and Schutz, JJ., concur

Announced September 19, 2024

April Katri Arnold, Pro Se

No Appearance for Defendant-Appellee

Gordon Rees Scully Mansukhani LLP, Reagan Larkin, Denver, Colorado;
Messner Reeves, LLP, Deanne R. Stodden, Denver, Colorado, for Amicus Curiae
Colorado Bar Association Real Estate Law Section

¶ 1     In this action to quiet title to real property, plaintiff, April Katri Arnold, appeals the judgment entered in favor of defendant, Nelson Brent.  We reverse and remand the case to the district court with directions.

## I.     Background

¶ 2     Arnold, Ronald Brown, Roy Brown, Mary Alley, and Jack Waldrop owned a forty-acre property (the property) located in Washington County as tenants in common.  Arnold owned an undivided one-quarter interest in the property, which was granted to her by quitclaim and trustee's warranty deeds executed in 2007.  Ronald Brown, Roy Brown, Alley, and Waldrop collectively owned the remaining undivided three-quarters interest in the property, allocated as follows: one quarter owned by Alley, one quarter owned by Waldrop, and one eighth each owned by Ronald Brown and Roy Brown.  For reasons not clear from the record, at some unstated time the Washington County Assessor (the assessor) assigned

separate parcel identification numbers[1] to Arnold's interest and the remaining three-quarters interest. As a consequence, Arnold and the owners of the three-quarters interest were separately billed for their shares of the taxes assessed against the property as a whole.

¶ 3 In 2011, the owners of the three-quarters interest failed to pay their portion of the taxes, and the Washington County Treasurer (the treasurer) issued a notice of delinquent taxes — but only with respect to the three-quarters interest and only to the owners of that interest. A tax lien was later issued on that interest only and, in 2012, the treasurer issued notice of a pending sale of the lien. Arnold was not notified of the sale. In December 2014, Nelson Brent purchased the purported tax lien.

¶ 4 After the applicable redemption period expired, Brent requested a treasurer's deed for the three-quarters interest from the treasurer. The treasurer provided notice of Brent's request for the

---

[1] A parcel is "a defined, single unit of real estate," and a parcel identification number is "a composite of numbers representing a specific defined area of real estate on an assessment map." 2 Div. of Prop. Tax'n, Dep't of Loc. Affs., *Assessors' Reference Library* § 14, at 14.2 (rev. Mar. 2024). Each parcel identification number is based on the legal description of the parcel and ownership status. *Id.* at 14.26.

deed by posting notice at the county courthouse, publishing the notice, and sending it to the four individuals who owned a portion of the three-quarters interest. The treasurer sent the notices via certified mail. But the treasurer didn't send the notice to Arnold. None of the owners of the three-quarters interest redeemed the tax lien, so in August 2017, the treasurer issued Brent a treasurer's deed purportedly conveying the three-quarters interest in the property to him.

¶ 5 Arnold learned about Brent's treasurer's deed for the three-quarters interest in the property after he sent her a letter in December 2017 asking to buy her interest.

¶ 6 Arnold filed a quiet title complaint to determine ownership of the property in October 2022. Arnold alleged that the treasurer's deed was void or voidable because a tax lien must be sold for an entire piece of property and because she did not receive notice of the tax lien sale or Brent's request for the treasurer's deed. Brent filed an answer and a counterclaim for partition.

¶ 7 After a bench trial, the district court found that because Arnold was not a record owner of the three-quarters interest in the property, she was not entitled to notice of the tax lien sale or

Brent's request for the issuance of the treasurer's deed. The court therefore concluded that the deed was not void because the treasurer had complied with the statutory requirements for issuing notices of the tax lien sale and Brent's request for a treasurer's deed. The district court also found that, even if Arnold was an interested party entitled to notice, she did not suffer an injury because Roy Brown, one of the three-quarters interest owners, was likely to redeem the three-quarters interest if the deed were voided and the tax lien sale were started anew. The district court then granted Brent's request to partition the property, allowing Arnold to select a contiguous ten-acre tract located at "any corner of the property or any continuous strip." The court awarded the rest of the property to Brent and made Arnold responsible for twenty-five percent of the costs associated with partitioning the property.

## II. Discussion

¶ 8 On appeal, Arnold contends that the district court erred by failing to void Brent's treasurer's deed and by concluding that she was not otherwise entitled to relief. Arnold is self-represented in this appeal, so we broadly construe her pleadings "to ensure that [she is] not denied review of important issues because of [her]

4

inability to articulate [her] argument like a lawyer." *People v. Cali*, 2020 CO 20, ¶ 34 (quoting *Jones v. Williams*, 2019 CO 61, ¶ 5). However, we will not rewrite her pleadings or act as an advocate on her behalf. *Id.*

¶ 9 Applying these principles, we construe Arnold's opening brief to contend that the district court committed multiple errors. Her main contention is that the district court erred by determining that the treasurer's deed was not void or voidable. We agree with Arnold that the district court erred by not determining the deed to be void. Accordingly, of her remaining arguments, we address only whether the district court should have awarded her costs.

### A. Validity of the Treasurer's Deed

¶ 10 We first note that section 39-12-101, C.R.S. 2024, places a five-year time limit on actions to recover land. That section states that "[n]o action for the recovery of land for which a tax deed was issued . . . for delinquent taxes shall lie unless the same is brought within five years after the execution and delivery of the deed." § 39-12-101.

¶ 11 Arnold filed suit in October 2022 — two months past section 39-12-101's five-year time limit. However, a void deed is not

subject to section 39-12-101's time bar. *Lake Canal Reservoir Co. v. Beethe*, 227 P.3d 882, 886 (Colo. 2010) ("[A] deed is void and therefore not subject to the statute of limitations when the taxing entity had no jurisdiction or authority to issue the deed.").

¶ 12 In her reply to Brent's counterclaim, Arnold referenced *Lake Canal Reservoir Co.* in support of her argument that the deed was void. During the hearing, Brent repeatedly expressed concern that Arnold waited "twelve years" to seek recourse — despite knowing that she maintained a one-quarter interest in the property and that there was "potential for the other three-fourths to [go] to tax sale." To the extent that Brent, who appeared pro se in the district court, was asserting that Arnold's claim was time barred, we conclude that it was not because, as discussed below, the deed was void. *See Grear v. Mulvihill*, 207 P.3d 918, 922 (Colo. App. 2009) (expired statute of limitations is an affirmative defense, not a jurisdictional bar). *See generally Soicher v. State Farm Mut. Auto. Ins. Co.*, 2015 COA 46, ¶ 32 (discussing parties' implicit adjudication of affirmative defenses not raised in pleadings).

¶ 13 Turning to the merits of Arnold's challenge to the validity of Brent's deed, we conclude, for the reasons explained below, that the

district court erred by failing to declare the deed void because it originated from a tax lien issued and sold by the treasurer contrary to statute.

### 1. Standard of Review and Applicable Law

¶ 14 We apply a mixed standard of review to orders entered after a trial before a judge. We review the district court's factual findings for clear error. *See* C.R.C.P. 52. A factual finding is clearly erroneous only when it lacks any support in the record. *Cronk v. Bowers*, 2023 COA 68M, ¶ 12. We review a district court's legal conclusions, including its interpretation of relevant statutes, de novo. *McMullin v. Hauer*, 2018 CO 57, ¶ 13.

¶ 15 County assessors are tasked with valuing real property for property tax purposes. § 39-1-103(5)(a), C.R.S. 2024; *Bartlett & Co., Grain v. Bd. of Cnty. Comm'rs*, 382 P.2d 193, 200 (Colo. 1963) ("The duty of listing and valuing all taxable property devolves upon the assessor . . . alone."). The county assessor is required to ascertain ownership of property from the records of the county clerk and recorder. § 39-5-102(1), C.R.S. 2024.

¶ 16 Property owners with record title are responsible for paying property taxes. *Hinsdale Cnty. Bd. of Equalization v. HDH P'ship*,

2019 CO 22, ¶ 25.  County treasurers are responsible for collecting the taxes.  § 39-10-101, C.R.S. 2024.  If a property owner does not timely pay their real property taxes, "a tax lien attaches against the property for the amount of taxes levied against the property together with any delinquent interest, costs, and fees."  *Dove Valley Bus. Park Assocs., Ltd. v. Bd. of Cnty. Comm'rs*, 945 P.2d 395, 399 (Colo. 1997); *see also* § 39-1-107, C.R.S. 2024.

¶ 17    The county treasurer must notify delinquent owners of any delinquent amount and inform them that the tax lien will be sold at a public auction if the delinquent amount is not paid by a date certain.  § 39-11-101, C.R.S. 2024.  "Each tax lien shall be sold for an entire piece of property."  § 39-11-115(1), C.R.S. 2024.

¶ 18    A third party may purchase a tax lien by paying the outstanding taxes, interest, and fees.  *See Red Flower, Inc. v. McKown*, 2016 COA 160, ¶ 1; *see* §§ 39-11-101 to -115, C.R.S. 2024.  After the tax lien is sold, a property owner — or any person with a legal or equitable interest in the property — has a right to redeem the tax lien within three years of the date of sale.  *Red Flower*, ¶ 1; § 39-11-120(1), C.R.S. 2024; § 39-12-103(1), C.R.S. 2024.  But if no one with a right to redeem does so within the

redemption period, the tax lienholder may apply for a treasurer's deed. *Wells Fargo Fin. Colo., Inc. v. Olivas*, 2017 COA 158, ¶ 2; *see* § 39-11-120(1).

¶ 19    We presume that a treasurer's deed is valid. *Olivas*, ¶ 17. Thus, a party "attacking the validity of a [treasurer's] deed on the ground of defective notice of a pending tax sale has the burden of presenting evidence of the defect." *Id.* A deed is voidable when the county treasurer's notice is statutorily insufficient, but a deed is void when the taxing entity had no jurisdiction or authority to issue it. *Red Flower*, ¶ 53.

## 2.    Additional Relevant Facts

¶ 20    Patricia Bartlett, the Logan County Treasurer, was called as a witness by Arnold and qualified as an expert to testify about property titles, collection of taxes, tax lien sales, and the treasurer's deed process. She testified that a property is usually assessed as a whole, regardless of its various interests.

¶ 21    Bartlett testified that, prior to "the late 1990s or early 2000s," it was common practice for treasurers' offices to see separate parcel identification numbers for partial interests in the same property, but at some point, the Division of Property Taxation "told the

9

assessor's office that they need to be assessing, basically, one piece of property, one parcel."

¶ 22    The court asked Bartlett whether assessing an entire parcel, rather than its individual interests, was "just a best practice" or a legal requirement.  Bartlett responded, "As far as I know, it's not a requirement."  She testified that, in 2005, the Division of Property Taxation informed county assessors that "[o]ne parcel identification number should be assigned to a parcel regardless of the number of undivided interest holders," but if an owner requested that their partial interest be assigned a separate parcel identification number, the assessor could accommodate the owner.

¶ 23    Bartlett testified that treasurers' offices rely on property records supplied by assessors' offices to determine the appropriate amount of tax for a property, and that "how [the property information] comes over to the treasurer, that's how [the treasurer] continue[s] to collect and eventually sell, if that's necessary."

¶ 24    Bartlett confirmed that section 39-11-128, C.R.S. 2024, requires notice to be sent to all persons with an interest in the property or title of record before a deed is issued.  And she testified that it appeared Arnold had not been provided with any of the

10

required notices of Brent's request for the issuance of the treasurer's deed because her name was not included on the notice created by the treasurer.

¶ 25    Arnold admitted as an exhibit the certificate of purchase for the tax sale and asked Bartlett whether the description of property on it would cause Bartlett to question whether there was an additional owner who needed to be provided with notice. Bartlett testified that she would attempt to notify all of a property's potential owners before issuing a treasurer's deed, but that she did not believe that the treasurer had the authority to change how property is listed on the tax assessment rolls.

¶ 26    Arnold also submitted as an exhibit a letter from an attorney representing the Washington County Board of Commissioners acknowledging that

> the establishment of the two accounts did not result (nor was it intended to) in the division of the undivided interests in the property and Ms. Arnold was still a co-tenant of the entire 40 acre parcel. . . .  Ms. Arnold, as a co-tenant of the 40-acre parcel, is one of the individuals entitled to notice under [section 39-11-128] if her ownership interest was reasonably discernable. . . .  In this circumstance, the Treasurer's Deed was issued for only [three-fourths] of the entire parcel.  A treasurer's

11

deed may be void if it conveys only a portion of the entire property because the underlying tax lien must be for the entire property. Void deeds are not subject to the statute of limitations and may be challenged at any time in the future.

¶ 27    The letter also stated (without reference to authority) that "[a]lthough previously it was permissible to assess property by fractional interest, that practice is no longer permitted in Colorado."

¶ 28    In its written order, the district court found that the assessor complied with Colorado law, even though the assessor provided separate parcel identification numbers for Arnold's interest and the three-quarters interest in the property, because no Colorado statute or regulation prohibits the assessor from providing separate parcel identification numbers for separate interests in a property.

¶ 29    The court further found that, when the owners of the three-quarters interest failed to pay their portion of the taxes on the property, Arnold was not entitled to notice of the tax lien sale because she "was not a recorded owner of [the three-quarters interest] and had a separate property tax identification number [for her one-quarter interest in the property]." Similarly, the court found that Arnold was not entitled to notice of Brent's application

for the treasurer's deed because the three-quarters interest was not taxed in her name, and she was not "a person having an interest or title of record in or to" the three-quarters interest. Consequently, the court concluded that the treasurer[2] "complied with the proper procedures in the tax sale and subsequent issuance of the Treasurer's Deed."

¶ 30 After also finding that Arnold had not otherwise demonstrated an injury, the court denied her request to void the treasurer's deed and granted Brent's request for partition.

### 3. Analysis

¶ 31 The court concluded that there was no legal prohibition against the assessor assigning separate parcel identification numbers to distinct (but undivided) interests in the same property. We have not found any legal authority that supports this conclusion.

---

[2] The order references the assessor, but we presume this was inadvertent because the treasurer is responsible for coordinating tax lien sales and executing treasurer's deeds. *See* §§ 39-11-101, -129, C.R.S. 2024.

¶ 32     Even if the assessor had the authority to issue separate parcel identification numbers,[3] the court erroneously overlooked the treasurer's independent duty to "carefully examine" the assessor's delinquent tax list and compare it to the treasurer's own records to prevent an erroneous tax lien from being sold. *See* § 39-11-107, C.R.S. 2024. And to the extent that the treasurer identified any confusion created by using separate parcel identification numbers, the treasurer had both the authority and responsibility to correct that confusion before initiating the tax sale process. *See* § 39-10-101; *Marsico Cap. Mgmt., LLC v. Denver Bd. of Cnty. Comm'rs*, 2013 COA 90, ¶ 32 (noting the assessor and the treasurer are authorized to correct errors in the assessment roll).

¶ 33     Arnold and the owners of the three-quarters interest each owned separate fractional shares of one *undivided* property. *See Sandstrom v. Solen*, 2016 COA 29, ¶ 36. Though the interested owners were billed separately, the property was valued and

---

[3] As illustrated by the facts of this case, the use of separate parcel identification numbers to bill portions of the taxes due from various owners of a single property creates a significant risk of confusion for assessors, treasurers, property owners, and the public. But it is the General Assembly's exclusive province to consider changes to the legislative scheme that might prevent or eliminate such risks.

assessed as one parcel.  The plain language of section 39-11-115(1)

requires each tax lien to be sold for an entire piece of property.

Because the treasurer purportedly sold a lien encumbering only the

three-quarters interest in the property in violation of the statute,

the treasurer lacked authority to issue the treasurer's deed to

Brent, rendering the deed void.[4]  *See Lake Canal Reservoir Co.*, 227

P.3d at 886; *see also Red Flower*, ¶ 53 (a deed is void when the

taxing entity had no authority to issue it).

¶ 34     The basis of Brent's legal interest in the property was the

treasurer's deed.  Because the deed was void, he had no legal

interest in the property on which to make a request for partition.

*See Lake Canal Reservoir Co.*, 227 P.3d at 887 ("A void deed is a

nullity, invalid ab initio, or from the beginning, for any purpose.  It

does not, and cannot, convey title, even if recorded." (quoting

*Delsas v. Centex Home Equity Co.*, 186 P.3d 141, 144 (Colo. App.

2008))); *see also* 59A Am. Jur. 2d *Partition* § 61, Westlaw (database

---

[4] Having concluded that Brent's deed was void because it was
issued contrary to the treasurer's statutory authority, we need not
address Arnold's argument that the deed was voidable due to lack
of notice.

updated May 2024) (property cannot be partitioned unless its title has been clearly established).

¶ 35    Lastly, we reject the district court's conclusion that, even if the deed were void, Arnold would not be able to redeem the tax lien because Roy Brown testified that he would redeem it. The future actions of the interested owners are speculative. Moreover, Roy Brown's stated intent to redeem the lien if the court determined the deed to be void was inconsequential to the determination of whether the treasurer had the authority to sell a lien encumbering only the three-quarters interest in the property in the first place.

¶ 36    Accordingly, we reverse the district court's judgment determining that Brent's deed was valid and its order of partition.

## B.    Denial of Costs

¶ 37    It's unclear whether Arnold is appealing the court's denial of her motion for summary judgment, in which Arnold requested that she be awarded various damages and costs, or the court's denial of her asserted costs associated with bringing her complaint as the non-prevailing party.

¶ 38    To the extent that she is appealing the court's denial of her motion for summary judgment, we have no jurisdiction to consider

that issue. *Tisch v. Tisch*, 2019 COA 41, ¶ 47 (denial of a motion for summary judgment is not a final determination on the merits and is therefore not appealable after a final judgment following a trial).

¶ 39 The district court's cost award in favor of Brent is vacated by virtue of our reversal of the judgment in favor of Brent. *See, e.g.*, *Nichols v. Burlington N. & Santa Fe Ry. Co.*, 56 P.3d 106, 110 (Colo. App. 2002) (an award of costs must be vacated when the judgment supporting that award is reversed). To the extent Arnold is arguing that the court should have considered awarding her reasonable costs because she should have been the prevailing party below, the district court on remand is directed to consider and award to Arnold her reasonable costs related to her pursuit of the quiet title and defense of the partition claims, as contemplated by C.R.C.P. 54(d) and C.A.R. 39. *See Miller v. Hancock*, 2017 COA 141, ¶ 46 (district court's award of costs must include an explanation of whether and which costs are deemed reasonable).

## III. Disposition

¶ 40 The district court's judgment determining the treasurer's deed to be valid and ordering partition of the property is reversed. On remand, the district court must (1) enter an order declaring the

treasurer's deed to be void and (2) determine and award to Arnold her reasonable costs associated with bringing her quiet title complaint, defending against Brent's counterclaim, and pursuing this appeal.

JUDGE FOX and JUDGE SCHUTZ concur.