23CA1788 Peo v Kasper 10-09-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1788
Arapahoe County District Court No. 91CR1753
Honorable Darren L. Vahle, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jonathan Kasper,

Defendant-Appellant.

ORDER AFFIRMED

Division II
Opinion by JUDGE MEIRINK
Fox and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 9, 2025

Philip J. Weiser, Attorney General, Marixa Frias, Assistant Attorney General,
Denver, Colorado, for Plaintiff-Appellee

Jonathan Kasper, Pro Se

¶ 1     Defendant, Jonathan Kasper, appeals the postconviction court's denial of his motion to correct an illegal sentence and to appoint postconviction counsel.  We affirm.

## I.     Background

¶ 2     In 1993, a jury found Kasper guilty of second degree murder, felony murder, first degree burglary, second degree burglary, and attempted aggravated robbery.  The trial court vacated the second degree murder conviction and merged the first degree burglary, second degree burglary, and attempted aggravated robbery counts into the felony murder conviction.  The trial court sentenced Kasper to a term of life imprisonment without the possibility of parole, as required for felony murder under the then-governing statute.[1]

¶ 3     Kasper appealed, and a division of this court affirmed his conviction in 1995.  *People v. Kasper*, (Colo. App. Nos. 94CA0012 & 94CA0015, Feb. 16, 1995) (not published pursuant to C.A.R. 35(f)).

¶ 4     In 1996, Kasper filed a Crim. P. 35(c) motion, which appointed counsel later supplemented.  Kasper argued that trial counsel was

---

[1] When Kasper committed his offenses, the minimum sentence for a class 1 felony committed on or after July 1, 1985, but before July 1, 1993, was life imprisonment.  § 18-1-105(1)(a)(IV), C.R.S. 1993.

ineffective and that the court erred by admitting statements Kasper involuntarily made during a custodial interrogation. The postconviction court denied the motion after an evidentiary hearing, and a division of this court affirmed the denial. *People v. Kasper*, (Colo. App. No. 03CA0825, Dec. 9, 2004) (not published pursuant to C.A.R. 35(f)).

¶ 5 Proceeding pro se, Kasper filed a second Crim. P. 35(c) motion in 2005, raising the same issues he raised in his first Crim. P. 35(c) motion. The postconviction court denied the second motion, and another division of this court affirmed the denial. *People v. Kasper*, (Colo. App. No. 06CA1003, Apr. 5, 2007) (per curiam) (not published pursuant to C.A.R. 35(f)).

¶ 6 In 2023, again acting pro se, Kasper filed a postconviction motion "pursuant to Crim. P. 35(a)" to correct his illegal sentence. Kasper argued that his sentence was illegal because the trial court erred by merging the burglary and attempted robbery counts into the felony murder conviction. Although Kasper requested appointed counsel in his Crim. P. 35(a) motion, he also filed a separate motion seeking appointment of postconviction counsel under Crim. P. 35(c)(IV) and (V). The postconviction court ordered

2

the People to respond to Kasper's Crim. P. 35(a) motion.  After considering the motions and response, the court denied the motion and Kasper's request to appoint postconviction counsel.  Kasper now appeals.

## II.    Analysis

¶ 7      Kasper raises two issues on appeal.[2]  First, he contends that his sentence for felony murder is not authorized by law because the trial court illegally merged the nonmurder counts into the felony murder conviction.  Second, he claims that the postconviction court erred by failing to appoint counsel to perfect his postconviction petition.  Because the first issue Kasper raises is not cognizable under Crim. P. 35(a) or (c), the postconviction court correctly denied Kasper's postconviction motion.  And we disagree with his second contention.

---

[2] Kasper filed his appeal pro se.  We broadly construe his pleadings "to ensure [he is] not denied review of important issues because of [his] inability to articulate [his] argument like a lawyer." *Jones v. Williams*, 2019 CO 61, ¶ 5.  However, we will not rewrite his pleadings or act as an advocate on his behalf.  *Arnold v. Brent*, 2024 COA 104, ¶ 8.

A. Kasper's Illegal Sentence Claim is Not Cognizable Under Crim. P. 35(a) or Crim. P. 35(c)

¶ 8 Kasper argues that the trial court acted outside of its statutory authority when it merged his nonmurder counts into his felony murder count and sentenced him to life without the possibility of parole. Kasper argues that his sentence does not comply with *Callis v. People*, 692 P.2d 1045, 1054 (Colo. 1984), which requires the felony that most directly contributes to the death of the victim to serve as the essential element of a felony murder conviction. Because the court merged both the second degree burglary and attempted aggravated robbery into his felony murder conviction, instead of merging only the second degree burglary count, Kasper claims his sentence is illegal and must be corrected.[3]

1. Standard of Review and Applicable Law

¶ 9 Whether construed as a denial of a Crim. P. 35(a) motion to correct an illegal sentence or a Crim. P. 35(c) motion challenging the constitutionality of a sentence, we review the summary denial of

---

[3] Kasper believes his first degree burglary charge should have been vacated because the jury's finding of guilt on the lesser included charge of second degree burglary was an implied acquittal of first degree burglary.

a postconviction claim de novo.  *See, e.g.*, *People v. Tennyson*, 2023 COA 2, ¶ 9, *aff'd*, 2025 CO 31; *People v. Medina*, 2019 COA 103M, ¶ 4.  Likewise, we review the legality of a sentence de novo. *Tennyson*, ¶ 9.

¶ 10    Under Crim. P. 35(a), "[t]he court may correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time."  A sentence is "not authorized by law" if it is inconsistent with the statutory scheme outlined by the legislature, and an allegation that a sentence is illegal raises questions about the sentencing court's subject matter jurisdiction.  *People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006).

¶ 11    Under Crim. P. 35(c), a defendant may challenge a conviction or sentence on multiple grounds, including that the sentence was imposed in violation of the Constitution or laws of the United States.  *See* Crim. P. 35(c)(2)(I).  A postconviction court must deny a successive Crim. P. 35(c) claim that was, or could have been, raised and resolved in a prior appeal or postconviction proceeding.  Crim. P. 35(c)(3)(VI), (VII).

## 2.    Discussion

¶ 12    Kasper's claim is not cognizable under Crim. P. 35(a).  The purpose of Crim. P. 35(a) is to cure a sentence not authorized by law.  *Tennyson,* ¶ 10.  Kasper is not challenging the *sentence* the trial court imposed; rather, he argues that the trial court erroneously merged more than one ulterior predicate felony into the felony murder *conviction.*  Because Kasper is not arguing that life in prison for his felony murder conviction is unauthorized by law or inconsistent with the statutory scheme outlined by the legislature at the time of sentencing, his claim fails under Crim. P. 35(a).

¶ 13    Kasper's claim also fails under Crim. P. 35(c).  First, Kasper asserts no basis for postconviction review cognizable under Crim. P. 35(c)(2).  He does not, for example, claim that the trial court lacked subject matter jurisdiction or that his conviction or sentence was imposed in an unconstitutional manner.  Rather, Kasper argues that the trial court should have imposed separate consecutive sentences for his felony murder conviction and the remaining predicate offense.  Because this is not a basis for relief under Crim. P. 35(c), the postconviction court was correct in summarily denying his motion.  *See People v. Duran,* 2025 COA 34, ¶ 15 (recognizing

6

that a postconviction court may deny a Crim. P. 35(c) motion without an evidentiary hearing if the allegations are bare and conclusory or the allegations, even if true, do not warrant relief).

¶ 14    Second, even if Kasper had asserted a cognizable claim for postconviction review, the postconviction court would have to deny it as successive. *See* Crim. P. 35(c)(3)(VII) (claims that could have been presented in an appeal or a previous postconviction proceeding are successive); *see also People v. Taylor*, 2018 COA 175, ¶ 17 (recognizing that the postconviction court "shall" deny postconviction claims that "could have been presented in an appeal previously brought or postconviction proceeding previously brought" (quoting Crim. P. 35(c)(3)(VII))). Because Kasper could have raised his *Callis* argument in his direct appeal or in one of his prior Crim. P. 35(c) motions, the postconviction court was required to deny his claim as successive.

### B. The Postconviction Court Did Not Err by Failing to Appoint Postconviction Counsel

¶ 15    Kasper contends that "Crim. P. 35 must be construed in its entirety" and that by considering Crim. P. 35(a) independently from Crim. P. 35(c), the postconviction court incorrectly denied his

request for appointed counsel. By not considering the entire rule, Kasper argues, the postconviction court failed to comply with Crim. P. 35(c)(3)(IV) and (V), which entitled him to representation at the postconviction stage of his case. We disagree.

¶ 16    We review de novo whether a defendant has a right to counsel in postconviction proceedings. *See Silva v. People*, 156 P.3d 1164, 1167-69 (Colo. 2007). Any limited right to postconviction counsel is triggered only if the motion survives the postconviction court's initial review under Crim. P. 35(c)(3)(IV). Here, no right to counsel was triggered because, following an initial review, the postconviction court summarily denied Kasper's motion for postconviction relief.

¶ 17    Further, any failure by the postconviction court to comply with Crim. P. 35(c)(3)(IV) and (V) when it did not refer Kasper's motion to the public defender and instead ordered the People to respond to Kasper's postconviction motion was harmless. *See People v. Nozolino*, 2023 COA 39, ¶ 8 (if a postconviction court's order does not comply with the provisions of Crim. P. 35(c)(3)(V), an appellate court reviews for harmless error). An error is harmless if it did not affect the fairness of the proceedings. *Id.*

8

¶ 18    Because none of Kasper's claims had "arguable merit," the postconviction court was correct to summarily deny his motion. If a court summarily denies a postconviction motion, it need not refer the motion to the public defender. *People v. Segura*, 2024 CO 70, ¶ 7. We therefore cannot say that Kasper was prejudiced or that the postconviction court's failure to comply with Crim. P. 35(c)(3)(IV) and (V) affected the fairness of the proceedings.

### III.   Disposition

¶ 19    We affirm.

JUDGE FOX and JUDGE BROWN concur.