25CA2381 Delgado v ICAO 03-19-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA2381
Industrial Claim Appeals Office of the State of Colorado
WC No. 25657-2025

Javier Delgado,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER SET ASIDE AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE GOMEZ
Pawar and Martinez*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 19, 2026

Javier Delgado, Pro Se

No Appearance for Respondent

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Javier Delgado appeals the denial of his unemployment benefits claim. We set aside the Panel's order and remand the case for additional factual findings.

## I.     Background

¶ 2     Delgado worked as an accountant for Progressive Employer Management Co. III (Employer) before resigning from his position. Delgado then filed a claim for unemployment insurance benefits. Upon review, a deputy for the Division of Unemployment Insurance (the Division) found that Delgado was disqualified from receiving benefits pursuant to section 8-73-108(5)(e)(II), C.R.S. 2025, which disqualifies claimants who resign due to dissatisfaction with reasonable supervision. Delgado appealed that determination, and the Division set the matter for an evidentiary hearing regarding the reasons for his job separation.[1]

---

[1] Employer didn't attend the initial hearing, and the hearing officer found that Delgado was entitled to benefits. Employer requested, and received, a new hearing. Following that proceeding, the hearing officer issued a decision finding that Delgado was disqualified from receiving benefits. Delgado appealed that decision to the Panel, which remanded the case for further findings. In this opinion, we discuss only the second hearing and the hearing officer's order, as revised on remand.

¶ 3     After reviewing the evidence, the hearing officer found that, during Delgado's employment, Employer discussed performance concerns with him on multiple occasions. The hearing officer further found that, on Delgado's final day at work, Employer summoned him for a meeting and requested that he leave his work computer and other work related items at his desk and bring all his personal belongings with him. The hearing officer found that Employer merely intended to discuss Delgado's performance and didn't intend to terminate his employment unless the discussion didn't go well. But, the hearing officer found, Delgado preempted the performance discussion by tendering his resignation letter. Thus, the hearing officer found that Delgado "resigned his employment because he believed [Employer] was going to terminate his employment, which was not the case." And because Delgado "did not present any reasoning for his resignation, the hearing officer conclude[d] that [his] resignation was for personal reasons."

¶ 4     Based on these findings and conclusions, the hearing officer determined that Delgado was disqualified from receiving benefits pursuant to section 8-73-108(5)(e)(XXII), which relates to

resignation from employment for personal reasons.  Delgado

appealed the hearing officer's decision, and the Panel affirmed.

II.    Standard of Review and Applicable Legal Principles

¶ 5    The hearing officer serves as the fact finder in unemployment

cases.  *See Eckart v. Indus. Claim Appeals Off.*, 775 P.2d 97, 99

(Colo. App. 1989).  A claimant's entitlement to benefits depends on

the reason they separated from their employment, which is a

factual matter for the hearing officer to resolve.  *Id.*  In resolving

that issue, the hearing officer evaluates the totality of the evidence

and determines the factors motivating a claimant's separation.  *Id.*

¶ 6    We may set aside the Panel's decision only if (1) the Panel

acted without or in excess of its powers; (2) the decision was

procured by fraud; (3) the factual findings don't support the Panel's

decision; or (4) the decision is erroneous as a matter of law.  § 8-74-

107(6), C.R.S. 2025.  We may not disturb "administrative findings

as to the facts" if those findings are "supported by substantial

evidence."  § 8-74-107(4).  Substantial evidence is evidence that is

"probative, credible, and competent, of a character which would

warrant a reasonable belief in the existence of facts supporting a

particular finding, without regard to the existence of contradictory

3

testimony or contrary inferences." *Rathburn v. Indus. Comm'n*, 566 P.2d 372, 373 (Colo. App. 1977).

¶ 7     Under section 8-73-108(5)(e)(XXII), a claimant is disqualified from unemployment benefits if they resign "under conditions involving personal reasons, unless the personal reasons were compelling pursuant to other provisions of [section 8-73-108(4)]."

¶ 8     The disqualifying provision of section 8-73-108(5)(e) "must be read in light of the express legislative intent . . . to provide benefits to those who become unemployed through 'no fault' of their own." *Cole v. Indus. Claim Appeals Off.*, 964 P.2d 617, 618 (Colo. App. 1998) (quoting § 8-73-108(1)(a)).  Thus, even if the hearing officer's findings may support a disqualification, a claimant may still be entitled to benefits if the totality of the circumstances establishes that their job separation occurred through no fault of their own.  *Id.* In this context, "fault" requires a volitional act or "the exercise of some control or choice by the claimant in the circumstances resulting in the separation such that the claimant can be said to be responsible for the separation."  *Id.*  A claimant's responsibility or "fault" for their job separation is an ultimate legal conclusion based on the established findings of evidentiary fact.  *Id.* at 618-19.

¶ 9     Considering claimants' volition in the context of resigning, Colorado courts have concluded that "if an employee quits in the reasonable belief that termination is imminent, such termination is not voluntary." *Goddard v. E G & G Rocky Flats, Inc.*, 888 P.2d 369, 371 (Colo. App. 1994). Thus, a claimant who resigns under such circumstances is entitled to receive unemployment benefits. *Id.*

¶ 10    Because Delgado represents himself, we construe his arguments liberally, giving effect to their substance rather than their form. *See Arnold v. Brent*, 2024 COA 104, ¶ 8.

### III.    Application

¶ 11    Delgado argues, among other things, that the hearing officer erred in finding — and the Panel erred in affirming — that he voluntarily resigned his position. He states that he didn't want to resign; that he "only prepared [his] resignation letter in a moment of grief[,] as [he] was about to lose [his] job"; and that he "handed [his] resignation letter to [Employer] in a moment of grief and duress to try and be in control of an unfamiliar situation." Construing Delgado's argument liberally, we discern that he essentially contends that he was constructively discharged (if not actually discharged). We agree that the hearing officer and the Panel erred.

¶ 12    As a threshold matter, we note that we cannot review whether the factual findings support the decision, because it is unclear what the hearing officer found caused Delgado's employment separation. The hearing officer's finding that Delgado resigned because "he believed he was going to be discharged" contradicts the finding that Delgado "did not present any reasoning for his resignation" and thus implicitly resigned for unspecified "personal reasons." We remand the case, in part, for clarification on this issue.

¶ 13    And to the extent that the hearing officer ultimately found that Delgado "resigned his employment . . . because he believed he was going to be discharged," additional findings are necessary. Although the hearing officer noted that Delgado's belief was "subjective" and that he hadn't taken "proactive steps" to determine whether his assumption was correct, the hearing officer made no findings as to whether Delgado's belief was subjectively reasonable. Yet some the hearing officer's findings — such as that Delgado was told to come to a meeting with his personal belongings and while leaving his work-related items behind — might support a finding that Delgado's belief was reasonable.

¶ 14 The hearing officer's failure to make a finding as to reasonableness establishes a legal error, as Delgado would be entitled to benefits if he resigned based on a reasonable — even if incorrect — belief that termination was imminent. *See Goddard*, 888 P.2d at 371. The Panel then compounded the error by misapplying the law, stating that "it is generally unnecessary to consider whether the claimant is at 'fault' for the separation from employment" when analyzing disqualification under section 8-73-108(5)(e)(XXII). The Panel arrived at this conclusion from the false premise that "quitting is volitional." But as *Goddard* makes clear, quitting is not always "volitional," and the requisite fault analysis reveals that in certain circumstances — for example, where an employee resigns under the subjectively reasonable belief that they will be imminently discharged — the employee is deemed to have been constructively discharged and thus is entitled to benefits. 888 P.2d at 371.

## IV. Disposition

¶ 15 We set aside the Panel's order and remand to the Panel with directions to remand to the hearing officer (1) for clarification regarding the cause of Delgado's job separation, and, if the

separation occurred because Delgado resigned under the belief that Employer would imminently discharge him, then (2) for findings regarding whether that belief was subjectively reasonable. The Panel may, if it chooses, afford the hearing officer the discretion to conduct another hearing session to permit the parties to present additional evidence on these issues.

JUDGE PAWAR and JUSTICE MARTINEZ concur.