25CA0845 Boulder RV v Lau 05-14-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0845
Boulder County District Court No. 25CV30247
Honorable J. Robert Lowenbach, Judge

---

Boulder RV and Boat Self Storage LLC,

Plaintiff-Appellee,

v.

Michael Lau,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE SCHOCK
Grove and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 14, 2026

---

Hutchinson Black and Cook, LLC, Keith M. Edwards, Boulder, Colorado, for Plaintiff-Appellee

Michael Lau, Pro Se

¶ 1 Defendant, Michael Lau, appeals the district court's judgment restoring possession of commercial real property to plaintiff, Boulder RV and Boat Self Storage, LLC (Boulder RV). We affirm.

## I. Background

¶ 2 Boulder RV leased two storage-yard spaces to Lau under two month-to-month rental agreements. Each agreement allowed Boulder RV to terminate the lease at the end of any monthly term by giving written notice to Lau — at least seven days before the expiration of the term for one agreement and at least twenty-one days in advance for the other. The agreements also allowed Boulder RV to terminate them if Lau failed to comply with their terms.

¶ 3 On January 3, 2025, Boulder RV gave Lau written notice that it would not be renewing the leases and that the agreements would be terminated at the end of their monthly terms, on January 29.

¶ 4 Lau did not vacate the property, despite Boulder RV's demands, and Boulder RV filed a complaint for eviction. In the complaint, Boulder RV alleged both that Lau had failed to comply with the material terms of the agreements and that he had remained on the property after the lease terms had ended.

¶ 5     The district court held a bench trial, which it limited to the issue of "no-cause lease termination." After the trial, the court found that Boulder RV had given Lau proper notice to terminate the agreements. It therefore found that Lau was not entitled to occupy the property, and it restored Boulder RV to full possession.

## II.     Analysis

¶ 6     Because Lau is self-represented, we broadly construe his filings in the district court and this court. *See Arnold v. Brent*, 2024 COA 104, ¶ 8. As we understand it, his primary argument is that the district court erred by finding that Boulder RV properly terminated the agreements without cause when it had also claimed that it terminated the agreements for cause. We disagree.

## A.     Termination Without Cause

¶ 7     Lau asserts that the district court erred by "establishing 'no-cause lease termination' midway through trial when both parties [had] presented respective facts on 'for cause lease termination' and 'retaliatory lease termination due to facility negligence.'"

¶ 8     But the "no-cause" termination provisions and the "for cause" (i.e., default) termination provisions were two independent grounds for terminating the agreements. And in its complaint, Boulder RV

alleged both. Because the district court found that Boulder RV had provided timely written notice to terminate the agreements *without cause*, it did not need to determine whether it also *had cause.*

¶ 9 To the extent Lau disputes the district court's factual findings regarding the validity of the lease terminations, we discern no error. We review a district court's factual findings after a bench trial for clear error, meaning we will not disturb them unless they have no support in the record. *Black v. Black*, 2018 COA 7, ¶ 92. And when, as in this case, the appellant does not provide a transcript on appeal, we presume the record supports the judgment. *In re Marriage of Dean*, 2017 COA 51, ¶ 13. Moreover, the timely written notice of termination is in the record. That notice — dated January 3, twenty-six days before the end of the monthly term — states that the leases will terminate when their terms end on January 29.

¶ 10 To the extent Lau faults the district court for not making a finding as to whether there was cause to terminate the leases, it did not need to. The agreements do not require cause for termination when the landlord decides not to renew at the end of the lease term. Nor does Colorado law. *See* § 13-40-107(1), C.R.S. 2025 (allowing landlord of nonresidential real property to terminate periodic

tenancy at end of tenancy period by serving timely written notice). Thus, because the court found that Boulder RV properly terminated the leases under the notice provision, it did not need to also decide whether Boulder RV could have terminated the leases for cause.

¶ 11    Lau points out that the termination notice did give reasons for terminating the leases. But just because Boulder RV gave Lau reasons for its decision does not mean it had to prove those reasons when the agreements did not require it. Nor did it obligate the court to decide the case on that basis. That is true even if, as Lau claims, the parties presented evidence regarding cause at trial — which we cannot determine without a transcript. *See Dean*, ¶ 13.

## B.    Prior Rulings by Different Judge

¶ 12    Lau also argues that the district court abused its discretion by "ignoring and overruling" earlier rulings in the case by a different judge. But he does not identify which order he believes the district court overruled. Nor can we find one. *See Cikraji v. Snowberger*, 2015 COA 66, ¶ 10 ("[W]e will not comb the record for facts supporting plaintiff's arguments that were not cited in his brief.").

¶ 13    In his motion to stay in the district court, Lau asserted that by limiting the hearing to the "no cause" provision, the second district

4

court judge "effectively vacated" an order by the first district court judge requiring the disclosure of trial exhibits before trial. But even assuming Boulder RV identified exhibits related to cause on its exhibit list, it was not required to use those exhibits. And again, the district court did not need to reach the question of cause.

¶ 14 To the extent Lau takes issue with a different judge presiding over the hearing than over pretrial matters, that substitution was not improper. *Cf. People v. Rodriguez*, 786 P.2d 472, 473 (Colo. App. 1989) ("[T]here may properly be a substitution of judges in the preliminary stages of the trial before any evidence has been received.").[1]

III. Disposition

¶ 15 The judgment is affirmed.

JUDGE GROVE and JUDGE YUN concur.

---

[1] Lau summarily asserts for the first time in his reply brief that the second district court judge violated C.R.C.P. 63 and due process. We do not address these arguments raised for the first time in the reply brief. *See Sandra K. Morrison Tr. v. Bd. of Cnty. Comm'rs*, 2020 COA 74, ¶ 30 ("Issues not presented in an opening brief will not be considered when raised for the first time in a reply brief.").